# Richmond

## James Lawrence Dooley v. Commonwealth of Virginia.

April 23, 1956.

Record No. 4520.

Present, All the Justices.

The opinion states the case.

*James L. Dooley, Attorney pro se,* and *G. Galt Bready,* for the plaintiff in error.

*C. F. Hicks, Assistant Attorney General, (J. Lindsay Almond, Jr., Attorney General,* on brief), for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

[█] Dooley was convicted of operating a motor vehicle at a speed of 62 miles per hour in a 55-mile zone. Radar equipment was employed in determining the speed of the car.

Defendant's assignments of error are: (1) That the trial court erred in holding that radar warning signs had been posted in accordance with subsection (c) of § 46-215.2 of the Code (1954 Cum. Supp., pp. 83, 84); and (2) That the court erred in holding that § 46-215.2 did not violate the Fourteenth Amendment to the Constitution of the United States.

The facts as stipulated in the trial court are contained in the record before us and are substantially as follows:

The defendant was operating a motor vehicle on a primary highway in Caroline County at about 10:00 p.m. on September 6, 1954. A radar speed-determining device operated by a Virginia State trooper in the manner normally used to measure the speed of a motor vehicle indicated that defendant's automobile was traveling at a speed of 62 miles per hour in a 55-mile-per-hour zone. The radar equipment had been tested on the evening of the arrest and was found to be working properly. After the State trooper had checked the speed of the defendant's car he followed defendant for two miles before making the arrest, during which time he did not attempt to observe any violation of the speed or other laws by defendant.

The highway on which defendant was traveling was properly provided with radar warning signs and speed limit signs of the type specified in § 46-215.2 of the Code.

The defendant, who had a good reputation for truth and veracity, testified that his speedometer was believed to be working properly on the night in question. He further testified that he did not, at any time while he was operating his motor vehicle, observe his speedometer reading 62 miles per hour or in excess thereof, and that he had frequently observed its reading at the approximate time in question.

All available evidence is contained in the stipulation, and we are thus limited in the factual consideration of the case.

Subsection (c) of § 46-215.2 provides:

"(c) No operator of a motor vehicle may be arrested under this section unless signs have been placed at the State line on the primary highway system * * *."

It will be observed that the stipulation concedes that the highway on which defendant was traveling "was properly provided with radar warning signs * * * of the type specified in § 46-215.2 of the Code". Therefore, assignment (1) is without merit.

█ Defendant contends in assignment (2) that Code, § 46-215.2 violates the Fourteenth Amendment to the Constitution of the United States, and that the result of such checks as are provided by statute should not be received in evidence against him. Subsection (a) here under attack provides:

"(a) The speed of any motor vehicle may be checked by the use of radiomicro waves or other electrical device. The results of such checks shall be accepted as prima facie evidence of the speed of such motor vehicle in any court or legal proceedings where the speed of the motor vehicle is at issue."

Defendant's contention that the Act contravenes the due process clause of the Constitution is, in our view, without merit. The general rule is that the test of the constitutionality of statutes making proof of a certain fact *prima facie* or presumptive evidence of another fact is whether there is a natural and rational evidentiary relation between the fact proven and the fact presumed. Where such evidentiary relation exists and where the presumption is found to be both reasonable and rebuttable it does not violate the due process amendment. *People v. Cannon*, 139 N. Y. 32, 36 Am. St. Rep. 668, 34 N. E. 759; *Burnette v. Commonwealth*, 194 Va. 785, 790, 75 S. E. 2d 482, 485; *Yee Hem v. United States*, 268 U. S. 178, 45 S. Ct. 470, 69 L. ed. 904; *Tot v. United States*, 319 U. S. 463, 63 S. Ct. 1241, 87 L. ed. 1519. See Annotation, 162 A. L. R., p. 495, *et seq.*

Analagous to many statutory presumptions there are certain rules of evidence carried over from the common law making proof of one fact *prima facie* evidence of another. One such rule is that the exclusive possession of goods recently stolen is *prima facie* evidence of guilt, throwing upon the accused the burden of accounting for that possession. *Miller v. Commonwealth*, 185 Va. 17, 21, 37 S. E. 2d 864, 866. And a mortal wound inflicted with a deadly weapon in the

previous possession of the slayer without any or upon slight provocation is *prima facie* evidence of a wilful, deliberate and premeditated killing, and throws upon the accused the necessity of showing extenuating circumstances. Such rules of evidence have been found to be neither unfair nor illogical in a long series of criminal trials. *Thomas* v. *Commonwealth*, 186 Va. 131, 137, 138, 41 S. E. 2d 476, 479; *Bailey* v. *Commonwealth*, 193 Va. 814, 829, 71 S. E. 2d 368, 375, 376.

That there is a natural and rational evidentiary relation existing between the results of a speed checked by radiomicro waves and the speed of the motor vehicle checked by them can hardly be denied. For many years the public has become generally aware of the widespread use of radiomicro waves or other electrical devices in detecting the speed of motor vehicles or other moving objects; and while the intricacies of such devices may not be fully understood their general accuracy and effectiveness are not seriously questioned. *State* v. *Dantonio*, 18 N. J. 570, 115 A. 2d 35, 39, 40.

In the instant case the only evidence introduced by the defendant tending to refute excessive speed was the purely negative statement that "* * * he did not at any time * * * observe a speedometer reading of 62 miles per hour * * *". Realizing the probative weakness of this statement defendant contents himself by citing technical data in argument which tends to cast doubt upon the accuracy of radar devices. He recounts many conditions and happenings which allegedly affect the correct reading of radar under given circumstances, and argues that in this light the *prima facie* presumption created by the statute is irrebuttable.

As heretofore stated, the factual consideration of this case is confined to the stipulation. It will be observed that no attempt was made to show that the radar equipment, which had been tested for accuracy just prior to the defendant's arrest, did not properly record the speed. The examples cited by the defendant in his argument in an effort to show that the equipment might have been "thrown off" and may have improperly recorded his speed, show beyond peradventure that if such occurred he could have introduced evidence to rebut the *prima facie* presumption created by the statute.

Neither does the statute, as contended by the defendant, shift the burden of proof. It merely creates a rule of evidence and does not determine the guilt of the accused. When the radiomicro wave check of the speed of a motor vehicle is proved to be in excess of the

legal rate of speed the burden of going forward with the evidence shifts to the defendant. This neither shifts the burden of ultimate proof nor does it deprive the defendant of the presumption of innocence. *Barton* v. *Camden*, 147 Va. 263, 272, 273, 137 S. E. 465.

For the reasons stated, we hold that § 46-215.2 (Acts of Assembly 1954, Chapter 313, page 385) does not violate the Fourteenth Amendment to the Constitution of the United States, and that it is in all respects a valid enactment.

*Affirmed.*