## Richmond

CLYDE R. ROYALS v. COMMONWEALTH OF VIRGINIA.

March 11, 1957.

Record No. 4627.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*John Y. Hutcheson* (*James E. Edmunds, III; Edwin A. Crowder; Ferguson, Yates & Stephens,* on brief), for the plaintiff in error.

*C. F. Hicks, Assistant Attorney General,* (*J. Lindsay Almond, Jr., Attorney General,* on brief), for the Commonwealth.

HUDGINS, C. J., delivered the opinion of the court.

[█ The judgment under review was entered on a verdict finding appellant guilty of operating his automobile at 70 miles per hour in a

55 miles per hour zone on U. S. Route 58 in Mecklenburg county, and imposing a fine of $5.00. This appellant is the same Clyde R. Royals who is appellant in another case, Record No. 4626, decided at this session of the Court on a similar charge of speeding on the same day, January 14, 1955, in Halifax county. As in that case, the Commonwealth in this case relies upon the measurement of appellant's rate of speed as indicated by the speedmeter of a radar machine set up and operated to measure the speed of west bound motorists.

It appears from defendant's testimony, which is reported in narrative form, that he was notified at a truck terminal a few miles east of the point where he was charged with speeding that officers were operating a radar machine on Route 58; that when "he got within about 100 yards or more of the scene on a hill he saw the officer's cars and noticed that his speedometer was registering under 55 miles per hour," and about that time "a black Studebaker the same color of his car passed him."

The opinion in *Royals* v. *Commonwealth*, Record No. 4626, *ante*, page 876, to which reference is hereby made, is to be read and considered with this case as it disposes of all of defendant's contentions except two. These additional contentions are: (1) "that the evidence of adjusting and testing the radar machine after the arrest to show its accuracy was hearsay and inadmissible," and (2) that the court erred in refusing to declare a mistrial because of prejudicial remarks made to the jury by the Attorney for the Commonwealth.

The Commonwealth introduced evidence tending to show that after the radar machine was set up at 2:20 P. M. and before put into use, Trooper J. S. Atkins ran his patrol car through its zone of operation at speeds of 50, 60 and 70 miles per hour, and that at that time these rates of speed were indicated on the speedmeter of the radar machine. M. S. Godsey, a radio technician employed by the Department of State Police, testified that he kept the radar machines in condition for the Department by checking them for accuracy every six months, but he did not say how recently or when he had checked this particular machine. He also testified that the "rule of the Department was that the machine should be tested by trial runs when it was first set down, and then again tested before it was taken up."

Whether or not the radar machine had been properly tested for accuracy was a vital issue in the case. The evidence for the Commonwealth clearly established that the radar machine was properly set up and tested before defendant drove his automobile through its

zone of operation. However, the trial court, over the objection of defendant, permitted Trooper H. P. Vick to testify that he "understood" the tests for accuracy of the radar machine were made both before it was put in operation and after its use on this occasion, but he did not see them made and did not know who made them. He introduced what was stated to be "an official record of the tests which were made on this particular occasion," and "this record showed that tests were made at speeds of 50-60 and 70 miles per hour and the equipment found to be accurate." Trooper Atkins testified that tests of the accuracy of the radar machine were made before it was taken up and removed from this location, and that although he signed the official report he did not know who made the tests before the machine was removed.

This testimony is not based on the personal knowledge of the witnesses and is clearly hearsay or mere deductions drawn by them. A person accused of violating a criminal law is entitled to be confronted by his accusers, and he can not be lawfully convicted on hearsay evidence or inferences deduced by witnesses. *Cross* v. *Commonwealth*, 195 Va. 62, 77 S. E. 2d 447; *Wadley* v. *Commonwealth*, 98 Va. 803, 35 S. E. 452. It is impossible for the court to determine what weight the jury gave to the hearsay testimony improperly admitted, and therefore the judgment of conviction will have to be reversed.

■ Defendant's second contention is to that part of the Commonwealth's Attorney's closing address to the jury wherein he said: "Most of the time you have man's word against another man's word, all kind of human things that are just as unpredictable as night and day, but here you have the beam that shines across that highway as that man speeded through it, it recorded his speed at seventy miles an hour and that has been brought to you. You have no problem, you don't have any question. Just like things about you such as your nose on your face that you know that this man is guilty, and he's here trying to break down this system that we are using to save our highways from the great tragedies that are inflicted on them by high speed. * * * Don't say the device is wrong. Don't make this mistake, don't try to break down the system that is saving us, gentlemen, in our highways. I ask that you confirm this conviction, that you convict this man the penalty is given to you by the court. It is a misdemeanor." Defendant's objection to these remarks and his motion to declare a mistrial, were overruled.

In *McLean* v. *Commonwealth*, 186 Va. 398, 401, 43 S. E. 2d 45, we said: "Sometimes it is difficult to draw the line between proper and improper comments, hence the general rule is to leave such distinction largely to the discretion of the trial court, whose ruling will be allowed to stand unless it is made to appear probable that the party complaining has been substantially prejudiced by the objectionable remarks or argument."

We find no abuse of the trial court's discretion in refusing to sustain defendant's motion to declare a mistrial.

For the reasons stated the judgment of the trial court is reversed, the verdict set aside and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*