# Richmond

## John H. Thomas v. City of Norfolk.

April 25, 1966.

Record No. 6162.

Present, All the Justices.

*John H. Thomas*, for the plaintiff in error.

*Gordon B. Tayloe, Jr., Assistant City Attorney (Leonard H. Davis, City Attorney*, on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

■ John H. Thomas has appealed from a judgment of the lower court, sitting by consent without a jury, finding him guilty of driving an automobile in excess of the speed limit, in violation of an ordinance of the City of Norfolk. The substance of his assignments of error is that the judgment is without valid evidence to support it.

The evidence is undisputed and comes from witnesses for the city. The defendant did not testify nor did he offer any evidence in his behalf. Officers E. A. Bennett and E. L. Jackson of the Norfolk police division testified that on September 14, 1964, at approximately 4:00 P. M., they were operating a mobile radar unit in an unmarked police car located in the 3500 block of Chesapeake boulevard in the city of Norfolk; that the defendant drove his car past the radar causing the latter instrument to register his speed at 46 miles per hour, and that this was in excess of the posted speed limit there of 30 miles per hour.

The officers testified that the radar set had been tested by them at another location when they came on duty at 2:30 P. M. the same day, and that they had again tested it at the same location at 9:30 P. M. on the same day when they went off duty. In each instance a police car driven by Officer Jackson passed through the radar beam at speeds of 30, 40 and 50 miles per hour, as indicated on the speedometer of his car and noted by Jackson, and these speeds accorded with those which were indicated on the radar set and noted by Officer Bennett.

Both officers testified that the speedometer on the test car had been calibrated three or four days before the date of the defendant's apprehension and that the records of such calibration were kept at the city garage. Although these officers testified that they took no part in the calibration test, it does not appear from the defendant's brief that he questions the adequacy of the proof of such calibration.

In any event, the officers further testified that the accuracy of the speedometer test in each instance was corroborated by tests which they made at these times with factory pretested tuning forks. One of these forks, when struck and held in front of the radar set, indicated or registered on the latter instrument a speed of 35 miles per hour. In a similar manner, the other tuning fork when struck indicated

or registered on the radar set a speed of 50 miles per hour. Officer Bennett testified that the tuning-fork tests showed that the radar set accurately recorded these respective speeds.

While the matter has not heretofore been presented to us it is well recognized in other jurisdictions that evidence of a test of radar equipment by tuning forks in this manner is admissible as tending to prove the accuracy of the equipment. *State* v. *Lenzen,* 24 Conn. Supp. 208, 189 A. 2d 405; *State* v. *Graham* (Mo. App.), 322 S. W. 2d 188; *People* v. *Johnson,* 23 Misc. 2d 11, 196 N. Y. S. 2d 227; *Cromer* v. *State* (Tex. Crim.), 374 S. W. 2d 884.

In the absence of evidence to the contrary in the present case, the trial court accepted, as it had the right to do, the evidence of these testings as adequate proof of the accuracy of the radar set.

■ In his brief the defendant argues that the trial court erred in accepting "the evidence of the accuracy tests as valid and that they created a conclusive presumption that the radar set was accurate at the time of the alleged offense." We do not so interpret the court's ruling. Having accepted the proof of the accuracy of the radar set, as testified to by the officers, the trial court declined to allow the defendant to question its accuracy as a reliable method of determining the speed of his car. Such ruling was in accord with its prior ruling on the defendant's motion for a bill of particulars, in which it said:

"It having been indicated by the defendant in argument that * * * he intends to introduce at the trial of this case the testimony of said expert witness to contest the basic reliability of the radar set in question as opposed to the proper testing thereof, the court doth rule at this time that *no such expert testimony will be admitted into evidence upon trial of this case to contest the reliability of said radar set,* but nothing contained herein shall limit defendant's right to elicit or present testimony as to the proper or improper testing of said radar set." (Emphasis added.)

This ruling, recognizing the reliability of the radar set, was in accord with the terms of the statute, Code, § 46.1-198(a) (Repl. Vol. 1958), which provides: "The speed of any motor vehicle may be checked by the use of radio microwaves or other electrical device. *The results of such checks shall be accepted as prima facie evidence of the speed of such motor vehicle* in any court or legal proceedings where the speed of the motor vehicle is at issue." (Emphasis added.) See *Dooley* v. *Commonwealth,* 198 Va. 32, 35, 92 S. E. 2d 348, 350.

■ The defendant's principal contention is that the judgment of conviction must fall because there is no evidence that the radar set

had been tested for accuracy at the site at which it was operating at the time of his apprehension. He argues that proof that the radar set was shown to be accurate by testings at 2:30 P. M. and 9:30 P. M., respectively, at another site is no proof that it was operating accurately at the site of his apprehension at 4:00 P.M.

It is true that the officers testified that prior to and after the defendant's apprehension a number of automobiles had passed through the radar beam and each driver thereof had been apprehended. In each instance, after the violator had passed the radar beam the machine was cut off and the violator chased and apprehended in the radar vehicle, after which the latter was returned to the check point, parked, and set for the next violator. The defendant argues that this change of location of the radar set, from time to time, necessarily interfered with its accuracy. We do not agree with this contention.

In the first place, proof that the instrument was checked and found to be operating accurately at 2:30 P. M. and later at 9:30 P. M., in the absence of evidence to the contrary, warranted the inference that it was operating accurately during the interim, or at 4:00 P. M., the time of the defendant's apprehension.

In the next place, there is no evidence that it was necessary that the radar set be tested for accuracy at the identical site at which it was located at the time of the defendant's apprehension. Nor is there any evidence that the use of the radar car in apprehending other violators interfered with the accuracy of the radar set installed in that car.

We do not agree with the defendant's contention that in *Royals* v. *Commonwealth*, 198 Va. 876, 96 S. E. 2d 812, we held that in order to insure the accuracy of the recording of a radar set it must be tested at the exact location at which it was being used at the time of the recording in question. In that case we quoted from an article by Dr. John M. Kopper, appearing in 33 N. C. L. Rev. 343, 353, in which he *"recommends* certain operational procedures as far as the speedmeter and its use are concerned. Such procedures include the checking of the speedmeter before and after use in each location, the keeping of records, and other details." (Emphasis added.) 198 Va. at 881, 96 S. E. 2d at 815. The opinion does not hold, as the defendant contends, that these *recommendations* of that author must be followed in order to insure the accuracy of a radar set in determining the speed of a motor vehicle.

The judgment of conviction in that case was reversed because, as the opinion points out, "the Commonwealth failed to introduce any

legal evidence tending to show that the radar machine used to measure the speed of defendant motorist had been properly set up and recently tested for accuracy." 198 Va. at 882, 96 S. E. 2d at 816. In the present case, the unrebutted evidence on behalf of the city was sufficient to warrant the finding that the radar had been properly set up and recently tested for accuracy.

On the whole we find that the evidence fully supports the judgment of conviction and accordingly it is

*Affirmed.*