# Staunton

## Carl Biesser v. Town of Holland.

September 8, 1967.

Record No. 6467.

Present, All the Justices.

*E. C. Ferguson, Jr.*, for the plaintiff in error.

*William W. Jones*, for defendant in error.

Buchanan, J., delivered the opinion of the court.

Carl Biesser, herein called defendant, was charged in a warrant with operating a motor vehicle at 48 miles an hour in a 35 mile zone in the town of Holland, in violation of an ordinance of the town. He entered a plea of not guilty, waived trial by jury and by agreement was tried by the court. After hearing the evidence the court

found him guilty and fixed punishment at a fine of $13, from which he has appealed.

The case is before us on an "Agreed Statement of Facts." This consists of the testimony of a police officer of the town of Holland, the only witness in the case. He testified as follows, according to the stipulation:

The town operates under State law as to the use of radar; radar signs and speed signs of 35 miles per hour limit were posted [required by § 46.1-198 (d) of the Code]; on the night of December 7, 1965, he had his radar set up in the town of Holland, about two blocks west of the eastern limits of the town; he had checked his radar at that location by the use of a tuning fork, which was his means of testing in all cases, at speeds of 35, 45 and 55 miles per hour, at 10:30 p.m. and again after defendant's arrest; at 10:45 p.m. the defendant entered the town of Holland from the eastern limits and the radar registered the speed of his automobile at 48 miles per hour; the officer could not estimate the speed in any manner other than by the radar.

He, the officer, had never checked the accuracy of the radar machine by means of a moving vehicle; he had had the tuning fork "calibrated" in Norfolk by someone in the Norfolk Police Department, he did not know who, some three or four months prior to December 7, 1965; he did not know why or how the radar machine works, but it was a tuning fork type of radar; the radar was moved in his automobile from place to place in the town and the radar equipment was kept in his car.

The officer further testified that on January 13, 1966, he again had his tuning fork "calibrated" by someone in the Norfolk Police Department and was told that the tuning fork was accurate.

The defendant objected to all testimony of the officer on the ground that it was hearsay. He contended that there was no testimony to show the accuracy of the radar machine other than by the use of the tuning fork, or to show what constituted "calibration" of the tuning fork, or that any real test had ever been made on the radar.

Code § 46.1-198 (a) provides: "The speed of any motor vehicle may be checked by the use of radio microwaves or other electrical device. The results of such checks shall be accepted as prima facie evidence of the speed of such motor vehicle in any court or legal proceedings where the speed of the motor vehicle is at issue."

[1] In *Royals* v. *Commonwealth*, 198 Va. 876, 881, 96 S.E.2d

812, 816, we held that this statute, then Code § 46-215.2, "does not eliminate the necessity for the Commonwealth to prove that the machine used for measuring speed had been properly set up and recently tested for accuracy."

Again in *Crosby* v. *Commonwealth*, 204 Va. 266, 268, 130 S.E.2d 467, 468, we said: "Our court has recognized not only the necessity to carry out tests for accuracy on radar machines before and after they are used, but also the necessity of proving such tests by proper evidence in a subsequent prosecution for speeding."

The accuracy of the test of the radar machine by use of a tuning fork would necessarily depend on the type and the accuracy of the tuning fork that was used. *City of St. Louis* v. *Boecker*, (Mo. App.), 370 S.W.2d 731, 736.*

The officer here testified, as noted, that he had had *the* tuning fork "calibrated" in Norfolk by someone in the Norfolk Police Department, he did not know who, some three or four months prior to December 7, 1965; and that on January 13, 1966, he again had *his* tuning fork calibrated by someone in the Norfolk Police Department and was told that the tuning fork was accurate. He spoke of "a" tuning fork and "the" tuning fork and "his" tuning fork as if only one was used, and there is no explanation of how he checked his radar at speeds of 35, 45 and 55 miles per hour by use of one tuning fork.

[2] There was in this case no testing of the radar machine for accuracy except by the tuning fork and no evidence of the type or character or method of use of the tuning fork, and no evidence of the accuracy of the tuning fork except the hearsay evidence given by the police officer, objected to and inadmissible.

As was said in *Royals* v. *Commonwealth*, 198 Va. 883, 884, 96 S.E.2d 816, 817 (the second *Royals* case), the question of whether the radar had been properly tested for accuracy was "a vital issue in the case." There the evidence for the Commonwealth clearly established, the opinion states, that the radar machine was properly set up and tested before the defendant drove his automobile through its

---

*In *State* v. *Tomanelli*, (Conn.) 216 A.2d 625, 630, the operator of the radar, to show its accuracy, relied on tuning fork tests, made by activating 40, 60 and 80 miles per hour tuning forks. The court said: "It is obvious that the tuning forks themselves must be shown to be accurate if they are to be accepted as a valid test of the accuracy of the radar instrument." This had not been done, said the court, but the defendant had not attacked their accuracy, and "Under these circumstances the accuracy of the radar unit was unimpeached." Under our holdings the burden in this respect was on the town.

zone of operation, but the judgment of conviction was reversed because of the admission of testimony as to tests not based on the personal knowledge of the witnesses.

In the *Crosby* case, *supra*, 204 Va. 266, 130 S.E.2d 467, the judgment of conviction was reversed because of the admission of hearsay evidence in the effort to establish the accuracy of the test.

[3] In the recent case of *Thomas* v. *City of Norfolk*, 207 Va. 12, 147 S.E.2d 727, the radar set had been tested by driving a police car through the radar beam; and also by using "factory pretested tuning forks," one of which registered on the radar set a speed of 35 miles an hour, and the other a speed of 50 miles an hour, when struck and held in front of the radar set, and the radar set accurately recorded these respective speeds. We held that evidence of a test of radar equipment by tuning forks "in this manner" is admissible as tending to prove the accuracy of the equipment.

In the present case the conviction of the defendant rests entirely upon the accuracy of the radar. The police officer testified that he could not estimate the speed of the defendant's automobile other than by the radar. The only test of the accuracy of the radar was by the use of "a tuning fork," which was not otherwise described. Nor was the manner or the result of its use described.

Clearly the evidence set out in the agreed statement of facts was insufficient to establish the guilt of the defendant beyond a reasonable doubt.

The judgment of conviction is therefore reversed and set aside and the case is remanded for a new trial if the town be so advised.

*Reversed and remanded.*