## 𝔎𝔦𝔠𝔥𝔪𝔬𝔫𝔡

**HENRY ARTHUR SWEENY v. COMMONWEALTH OF VIRGINIA.**

March 8, 1971.

Record No. 7435.

Present, All the Justices.

*E. C. Wingfield; Paul Lee Sweeny (Wingfield, Barrick & St. John,* on brief), for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

Henry Arthur Sweeny was tried in the court below on the charge of operating a motor vehicle over the public highways of this state at a speed of 75 miles per hour in a 60 mile speed zone, as determined by radar. The court found defendant guilty as charged and fixed his fine at $25. Judgment was entered, and we granted a writ of error.

We need concern ourselves here only with the action of the trial court in admitting into evidence, over the objection of defendant, the "Department of State Police Certificate of Radar Accuracy Test".

On the night of December 17, 1968, at about 7:40 P. M., Virginia State Troopers R. C. Byram and Larry R. Mayhew placed in operation "a radar apparatus" to check the speed of vehicles traveling north on Highway 29 in Greene County, Virginia. Defendant is

alleged to have passed through the radar beam about 8:15 P. M. at a speed which registered 75 miles per hour thereon and he was arrested. Sweeny estimated his speed at 55 miles per hour, and a passenger in the back seat of his car estimated the speed at 60 miles per hour.

At defendant's trial the Commonwealth introduced in evidence, pursuant to the provisions of Code § 46.1-198 (a1), a Department of State Police "Certificate of Radar Accuracy Test". The certificate, dated December 17, 1968, shows the county, highway and location at which the apparatus was set up, as well as its height and distance from the pavement. On that part of the certificate, under the heading "Certification of Radar Accuracy Test by Calibrated Speedometer", it shows that the radar was tested on six occasions between 7:40 P. M. and 9:45 P. M. It further shows the reading taken by Officer Byram on the radar meter situated on the ground reflected speeds of 75, 65 and 55 miles per hour when Officer Mayhew was in his car driving past the meter at speeds of 75, 65 and 55 miles per hour as reflected by the car's speedometer.

The certificate then contains the following certification by Troopers Larry R. Mayhew and R. C. Byram:

"We, the undersigned, certify that we conducted the accuracy test by calibrated speedometer of the radio microwave (radar) device shown above and the information herein is a complete and accurate record of the results of said test."

On April 16, 1969 Trooper Mayhew attested before a notary public "that the above is an accurate record of the tests conducted".

The narrow question for our decision is whether or not this certificate meets the requirements of Code § 46.1-198 (a1) and was therefore admissible as "evidence of the facts therein stated and the results of such testing".

We have previously reviewed convictions for speeding based upon radar checks. See *Biesser* v. *Town of Holland*, 208 Va. 167, 156 S. E. 2d 792 (1967); *Thomas* v. *City of Norfolk*, 207 Va. 12, 147 S. E. 2d 727 (1966); *Farmer* v. *Commonwealth*, 205 Va. 609, 139 S. E. 2d 40 (1964); *Crosby* v. *Commonwealth*, 204 Va. 266, 130 S. E. 2d 467 (1963); *Royals* v. *Commonwealth*, 198 Va. 883, 96 S. E. 2d 816 (1957); and *Royals* v. *Commonwealth*, 198 Va. 876, 96 S. E. 2d 812 (1957).

Code §46.1-198 reads, in part, as follows:

"Checking on speed with electrical devices; certificate as to accuracy of device; arrest without warrant.—(a) The speed of any

motor vehicle may be checked by the use of radio microwaves or other electrical device. The results of such checks shall be accepted as prima facie evidence of the speed of such motor vehicle in any court or legal proceedings where the speed of the motor vehicle is at issue.

"(a1) In any court or legal proceedings in which any question arises as to the calibration or accuracy of any such radio microwave or other electrical device, a certificate, executed and signed by the officers calibrating or testing such device as to its accuracy as well as to the accuracy of the speedometer of any motor vehicle used in such test, and stating the time of such test, type of test and results of testing, shall be admissible when attested by one such officer who executed and signed it as evidence of the facts therein stated and the results of such testing."

In the instant case Trooper Byram did not estimate the speed of defendant's automobile and the only evidence as to its speed when it passed through the radar zone or beam was that shown by the radar device. The narrative statement of the evidence reflects that: "On cross examination Trooper Byram testified that he made no test of the accuracy of the speedometer used to test the radar speedometer and had no personal knowledge of the speedometer. . . ."

The conviction of Sweeny therefore rests entirely upon the accuracy of the radar. It depends upon the certificate of radar accuracy tests and in particular upon the admissibility of the certificate of the officers as to the accuracy of both the radar apparatus and the accuracy of the speedometer of the trooper's car by which the radar device was tested.

Manifestly Code §46.1-198 was amended in 1968, following the decision of this court in *Biesser* v. *Town of Holland, supra,* to obviate the necessity of having two troopers testify in every contested speeding case which involves the use of radar. It was the intention of the General Assembly to provide, in cases where any question arises as to the calibration or accuracy of any radio microwave or any other electrical device, that such accuracy could be shown by a certificate of the officers who conducted the tests of the device, and who had knowledge of its accuracy.

The statute contemplates that the speed of motor vehicles may be checked by radar; that the results of such checks be accepted as prima facie evidence where speed is an issue; and that persons may be convicted on the certificates filed in accordance with the statute.

However, the statute must be strictly construed and there should be a full compliance therewith if a certificate is to be used as evidence. In prosecutions for speeding arising through the use of radar, the accuracy of the radio microwave, or other electrical device which measures the speed of a vehicle, is critical, for it is the reading reflected by this device which brings about the arrest and the conviction of a defendant.

Therefore the General Assembly provided that the certificate of the officers testing the radar device must reflect not only its accuracy *but also the accuracy of the speedometer of any motor vehicle used in such tests.*

In the case under consideration the accuracy of the radar apparatus was tested by, and depended on, the accuracy of the speedometer of the automobile of Trooper Mayhew which was driven through the radar beam on six separate occasions. True, the certificate filed shows that the speeds reflected on the radar meter were identical with those reflected on the vehicle driven by Trooper Mayhew. This would indicate that the radar meter was reflecting the correct speed *provided* the reading of the automobile speedometer was accurate. If the speedometer were defective or inaccurate to the same degree as the radar meter then both would be reflecting an improper speed. While this is unlikely and remote, it demonstrates the necessity that the speedometer of the motor vehicle used to test the radar meter be accurate.

The certificate in the instant case certifies that Byram and Mayhew conducted the accuracy test by "calibrated speedometer of the radio microwave (radar) device". Among the definitions of the word "calibrate" found in Webster's Third New International Dictionary, page 316, is "to standardize (as a measuring instrument) by determining the deviation from standard esp. so as to ascertain the proper correction factors". "Calibrator" is defined as "an instrument for measuring the calibre of any passage". Therefore to say that a speedometer has been "calibrated" is to say that a speedometer has been tested for accuracy. This does not necessarily mean that it was found accurate.

It is not enough that the certificate should say that the speedometer has been calibrated. The certificate should conform to the statute, and such is possible only if it reflects the accuracy of the radio microwave or other electrical device when tested by officers who used an accurate speedometer to make the test.

The certificate which was admitted in evidence in the instant case

fails to meet this test and is therefore not in conformity with the statute. There is no other evidence in the record which shows the accuracy of the speedometer that was used.

Accordingly, the judgment of the lower court is reversed and the warrant is dismissed.

*Reversed and dismissed.*