UNITED STATES of America, Appellee,

v.

Ray Sudduth BALLARD, Appellant.

No. 71-1547.

United States Court of Appeals, Fourth Circuit.

Oct. 12, 1971.

James J. Raman, Spartanburg, S. C., on brief for appellant.

John K. Grisso, U. S. Atty., D.S.C., and Oscar W. Bannister, Jr., Greenville, S. C., on brief for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

Ray Sudduth Ballard appeals his conviction of violating 18 U.S.C. § 659 by having in his possession chattels of a value in excess of one hundred dollars, knowing that the chattels had been stolen from a shipment moving in interstate commerce. Ballard alleges that the trial judge committed reversible error by: (1) excessive participation in the conduct of the proceedings to such an extent as to deprive him of a fair and impartial trial; and (2) denying him due process of law by instructing the jury that it could draw from the proof of unexplained possession of recently stolen property the inference that the possessor knew it had been stolen. We find no error in either ground of appeal.

 The appellant recites 53 instances in which the district judge made comments during the trial. Upon examination of the record we conclude that the trial judge was well within the ambit of judicial propriety. United States v. Cassiagnol, 420 F.2d 868 (4th Cir. 1970).

The instruction that an inference of guilt may be drawn from the unexplained possession of recently stolen property was upheld in Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L. Ed. 1090 (1896). More recently, in Tot v. United States, 319 U.S. 463, 467, 63 S.Ct. 1241, 1244, 87 L.Ed. 1519 (1943), the Court, fashioning the "rational connection" test for statutory presumptions, drew an analogy to the common law saying: "The jury is permitted to infer from one fact the existence of another essential to guilt, if reason and experience support the inference." As an example that "proof of the first fact furnishes a basis for inference of the existence of the second" fact, the Court cited Wilson v. United States, *supra*, which deals with the inference about which Ballard complains. There can be no doubt that the inference satisfies the due process clause. It is soundly based on common experience. Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); United States v. Smith, 446 F.2d 200 (4th Cir. 1971); United States v. Williams, 405 F.2d 14 (4th Cir. 1968).

Affirmed.