**Lawrence Edward BROWN, Petitioner,**

v.

**James D. COX, Superintendent, Virginia State Penitentiary (now A. E. Slayton), Respondent.**

**Civ. A. No. 70–C–117–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

April 4, 1972.

Lawrence Edward Brown, pro se.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

WIDENER, Chief Judge.

The petitioner, Lawrence Edward Brown, was convicted of first degree murder and sentenced to fifty years in the Virginia State Penitentiary by the Hustings Court of the City of Roanoke on November 5, 1968. He appealed his conviction and sentence to the Virginia Supreme Court, which dismissed the writ of error and supersedeas as having been improvidently awarded. Brown then filed the present petition for habeas corpus in forma pauperis, pursuant to the provisions of 28 U.S.C. § 2241.

In his petition to this court for a writ of habeas corpus, Brown contends that his sentence and conviction are unlawful due to the Commonwealth's jury instruction number 6 which was given in his trial below.

The jury instruction which was given by the trial court and which is the subject of this petition reads as follows:

"THE COURT INSTRUCTS THE JURY that a fatal wound given with a deadly weapon in the previous possession of the slayer, without any provo-

cation, or even with slight provocation, is prima facie wilful, deliberate and premeditated killing, and throws upon the slayer the necessity of showing extenuating circumstances sufficient to create a reasonable doubt that he acted with wilfulness, deliberation and premeditation.

"Therefore, if you believe from the evidence, beyond a reasonable doubt that the defendant, LAWRENCE EDWARD BROWN, shot and killed the deceased, Reginald Roscoe Priest, with a gun in his previous possession, with little or no provocation, then you are justified in believing that the killing was wilful, deliberate and premeditated, unless the defendant has shown extenuating circumstances sufficient to create a reasonable doubt that he acted with wilfulness, deliberation and premeditation."

The trial transcript clearly shows that Brown went upstairs to get the gun as soon as he saw Priest was going to come in the house. He shot the victim Priest two or three times in Brown's house. When Priest ran from the house, Brown chased him down the street. When Priest fell, Brown shot him, kicked him, and shot him again. When Brown took the stand to testify in his own behalf, he stated that he could remember nothing after he began shooting at Priest in the Brown home. Brown testified that he did not know the first thing that he could remember after the time he lost his memory.

The evidence leaves no doubt that Priest had told Brown's wife that Brown was with other women, and Brown testified that the first thing he asked Priest when he saw him was why Priest had told Brown's wife that he (Brown) had been with other women. Shirley Washington, an eye witness, testified that Brown was standing over Priest after he had fallen to the street and asked him why he had called his wife and told her he was out drinking. Then he shot Priest again, kicked him, told him to roll over so he could blow his brains out, and shot him again.

The murder weapon was identified by Brown as belonging to him. The gun had been hidden by Mrs. Brown after the incident and was recovered by the investigating police officers. The evidence is clear that the murder weapon was the same which Brown had in his possession before and during the shooting.

The defendant's instruction E, which was given by the trial court, instructed the jury of the defendant's presumption of innocence and charged that the burden of proof was upon the Commonwealth to prove his guilt beyond a reasonable doubt.

Instructions to the jury in state trials are normally matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. The role of a federal habeas corpus petition is not to serve as an additional appeal. Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960). The court, after reviewing the entire record, finds no circumstance in giving the disputed instruction which impugned fundamental fairness or infringed any specific constitutional protection.

There are many instances in criminal law making proof of one fact *prima facie* evidence of another fact. The test of the constitutionality of these presumptions is whether there is a natural and rational evidentiary relation between the fact proven and the ultimate fact presumed. The inference of one fact from proof of another must not be so unreasonable as to be purely arbitrary. Dooley v. Commonwealth, 198 Va. 32, 92 S.E.2d 348 (1956) app. dis. 354 U. S. 915, 77 S.Ct. 1377, 1 L.Ed.2d 1432 (1957); Burnette v. Commonwealth, 194 Va. 785, 75 S.E.2d 432 (1953).

In *Burnette,* the court held constitutional the statutory presumption that possession of burglarious tools, implements or outfit by any person other than a licensed dealer to be *prima facie*

evidence of an intent to commit burglary, robbery or larceny. In *Dooley*, the court upheld the constitutionality of the statute that allows results of the speed of motor vehicles checked by the use of radiomicro waves or other electrical devices to be accepted as *prima facie* evidence of the speed of such motor vehicle in any court or legal proceedings where the speed of the motor vehicle is at issue.

In United States v. Ballard, 449 F.2d 782 (4th Cir. 1971), the court discussed an instruction dealing with an inference of knowledge that may be drawn from the unexplained possession of recently stolen goods. The court held that such an inference, based on common experience, satisfies the due process clause. See also United States v. Anstead, 451 F.2d 314 (4th Cir. decided November 22, 1971), to the effect that such presumption is not an unconstitutional burden on the right not to testify.

In Bailey v. Commonwealth, 193 Va. 814, 71 S.E.2d 368 (1952), cert. den., 344 U.S. 886, 73 S.Ct. 186, 97 L.Ed. 686 (1952), the defendant had assigned as error the granting of a similar instruction by the trial court which read:

> "that a mortal wound given with a deadly weapon in the previous possession of the slayer, without any provocation or even with slight provocation, is a *prima facie* wilful, deliberate and premeditated killing, and throws upon the accused the necessity of showing extenuating circumstances." . . .

193 Va. 814, 829, 71 S.E.2d 368, 375.

The court held that such a principle was established in our criminal law and was neither unfair nor illogical. Citing Scott v. Commonwealth, 143 Va. 510, 129 S.E. 360 (1925) and Thomas v. Commonwealth, 186 Va. 131, 41 S.E.2d 476 (1947).

The inference contained in the disputed instruction was neither unreasonable nor arbitrary. The evidence shows that Brown went upstairs to get the gun as soon as he saw that Priest was going to enter the Brown home.

The jury could reasonably and logically infer that the killing was deliberate, wilful, and premeditated from the previous possession of the gun by the slayer, coupled with only slight provocation. The inference is not purely arbitrary.

Such presumptions as the one in issue here and the others discussed in this opinion do not shift the burden of proof to the defendant in criminal cases. They are only rules of evidence which shift the burden of going forward with the evidence. *Burnette,* supra.

The court has reviewed the record and in the instruction complained of and on the whole record finds no fundamental unfairness or infringement of any specific Constitutional protection. *Grundler,* supra.

The state records reveal all the pertinent factual matters necessary for determination of the petitioner's contention; therefore, no further hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

An order is this day entered consistent with this opinion.