## Richmond

PAUL WHITEHEAD v. CITY OF LYNCHBURG.

April 23, 1973.

Record No. 8094.

Present, All the Justices.

*Joseph R. Johnson, Jr.*, for plaintiff in error.

*S. S. C. Drake, Assistant Commonwealth's Attorney for the City of Lynchburg*, for defendant in error.

Per Curiam.

Paul Whitehead, charged with speeding in the City of Lynchburg, was found guilty by a jury which fixed his punishment at a fine of $10.00. Judgment was entered on the verdict and we granted Whitehead a writ of error.

A police officer, using a portable radar unit mounted on the window of his police car, determined that Whitehead was operating his station wagon at 36 miles per hour in a zone where the speed limit was 25 miles per hour. Although there was evidence that the radar unit had been tested by driving another police car through the radar beam at different speeds there was insufficient evidence that the speedometer of the testing vehicle was accurate. There was evidence that the speedometer had been calibrated. But, as we pointed out in *Sweeny v. Commonwealth*, 211 Va. 668, 179 S.E.2d 509 (1971), calibrating merely means testing for accuracy. It does not necessarily mean that the speed-

ometer was found to be accurate or that it was corrected if found to be inaccurate. *Cf. Howell* v. *Commonwealth*, 213 Va. 590, 194 S.E.2d 758 (1973).

As in *Sweeny*, Whitehead's conviction depends entirely upon whether the radar was accurate. Accordingly, the trial court erred in refusing to strike the City's evidence at the conclusion thereof. The judgment of the trial court is reversed and the warrant is dismissed.

*Reversed and dismissed.*