## CIRCUIT COURT OF CAMPBELL COUNTY

Commonwealth of Virginia

v.

Carl F. Callahan

October 4, 1973

### By JUDGE WILLIAM W. SWEENEY

The accused was charged with reckless driving by speeding in excess of 90 miles per hour in a 55 mile zone. The usual type of stationery radar was used. Under Section 46.1-190(1) of the Code of Virginia, speed in excess of 20 or more miles per hour over the speed limit or speed in excess of 80 miles per hour constitutes reckless driving. He was tried before a jury which found him guilty of the lesser included offense of improper driving (Sec. 46.1-192.2) and fined him $200.00. Motion to set aside the verdict was made on the grounds that there was no evidence that the radar machine had been tested at speeds in excess of 70 miles per hour, and therefore that the accused could not be convicted of reckless driving since 70 miles per hour would only be 15 miles over the speed limit. In a letter to the Court dated September 20, 1973, counsel for the accused argues that under these circumstances there could be no conviction for improper driving either. In a later letter dated October 1, 1973, he takes a position not taken at the trial, as I recall, that there was no proof of the accuracy of the speedometer of the car used to test the radar when it was taken down at the end of the day. I disagree with defense counsel's contentions and I feel that the verdict should be affirmed for the following reasons.

1. As the Commonwealth's Attorney points out in his letter of September 21st, any person *charged* with reckless driving may be found guilty of improper driving. This would be true even if we assumed that the evidence was insufficient to sustain a reckless driving conviction.

2. Even so, I do not agree that the accused could not have been convicted of reckless driving under the evidence. There is nothing in statutory or case law in Virginia which requires officers to test their equipment at certain high speeds in order to charge at such speeds. Under defendant's theory, a driver could not be convicted of going 150 miles per hour if the officers had only checked their equipment to 140 miles per hour. The Court or jury may assume accuracy at certain speeds if accuracy at other speeds is proven. For example, if a speedometer is tested as accurate at 50 and 60 miles per hour, it is a logical assumption that it is accurate at 57 miles per hour even though there was no test made at that speed. Likewise, if a speedometer or radar machine is accurate at 70 miles per hour, it is logical that it would be accurate at 75 which would be the speed necessary to convict of reckless driving here. As a practical matter, it would be extremely dangerous to the general public if for example, officers were required to check their equipment on the highways at speeds in excess of 100 miles per hour.

3. The "Department of State Police Certificate of Radar Accuracy Test" introduced as Exhibit No. 1 in this case, meets the requirements of Section 46.1-198(a1) and the cases of *Sweeny* v. *Commonwealth*, 211 Va. 668, and *Howell* v. *Commonwealth*, 213 Va. 590. Incidentally, the *Howell* case is, in my opinion, directly in point.

4. The point raised in the letter of October 1, 1973, was not specifically raised at the trial and thus the objection comes too late. Under these circumstances the Commonwealth is deprived of the opportunity, of explaining any discrepancy which might exist in the various exhibits.