**Lawrence Edward BROWN, Petitioner,**

v.

**W. D. BLANKENSHIP, Superintendent Blank Correctional Center, Respondent.**

**Civ. A. No. 75-0053 (R).**

United States District Court, W. D. Virginia, Roanoke Division.

June 13, 1975.

Lawrence Edward Brown, pro se.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

Lawrence Edward Brown, petitioner, has filed a petition for writ of habeas corpus. On November 5, 1968, petitioner was tried and convicted of first degree murder by a jury in the Circuit Court for the City of Roanoke, Virginia. He was sentenced to fifty years in the state penitentiary and is currently detained at the Bland Correctional Center.

Petitioner alleges that the judge who tried him, Judge Edwards, was incompetent at the time of trial because of a physical incapacity. This issue was presented to the Circuit Court for the City of Roanoke by means of a habeas corpus proceeding and extensive plenary hearings were held in that court on October 6, 1972, and June 5, 1973. On October 29, 1973, the petition was denied. Appeal was taken to the Virginia Supreme Court and the denial was affirmed. Consequently, petitioner has exhausted his state remedies and the present petition is properly before this court.

Respondent has filed an answer and sent this court the transcript of petitioner's trial and of petitioner's state habeas corpus proceedings. Respondent

asks this court to summarily dismiss the current petition since petitioner has previously filed a petition for writ of habeas corpus in this court on October 15, 1970; said petition was denied by Order and Opinion on April 4, 1972. (*Lawrence Edward Brown v. James D. Cox, Supt.*, 340 F.Supp. 731 (W.D.Va.). Respondent alleges that the instant petition is "repetitious" and should be dismissed, but after examining the previous petition, the court finds that the only issue which was presented at that time related to a jury instruction which was alleged to be erroneous. Nowhere in the previous petition was there an allegation concerning the competency of Judge Edwards. Therefore, this petition is not repetitious and the court will not dismiss the case for such reason.

Since the issue herein presented was considered fully by Judge Ballou in the habeas corpus hearing in the Circuit Court for the City of Roanoke, there is no necessity for this court to hold an evidentiary hearing. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). This court is satisfied that the state hearing afforded petitioner a full and fair hearing on the issue of Judge Edwards' competency.

 The transcript of the habeas corpus proceeding indicates that although Judge Edwards was suffering from a blood disease, lymphosarcoma, which is a terminal disease, his competency was unaffected. During the habeas corpus hearing, Dr. R. S. Hutcheson, Judge Edwards' personal physician, who treated the judge for lymphosarcoma during the time of the petitioner's trial, stated that Judge Edwards was completely competent. (Habeas Corpus Transcript p. 84). Moreover, the lawyer who represented petitioner during his trial, George W. Harris, Jr., testified that in his opinion Judge Edwards gave him every opportunity to represent petitioner and to present all necessary evidence. (Habeas Corpus Transcript p. 19). Inasmuch as the petitioner's guilt and sentence were determined by a jury, it would necessitate some error by Judge Edwards such as a biased comment or evidentiary ruling causing severe prejudice to petitioner to create a ground for habeas corpus relief. The transcript from the habeas corpus hearing does not indicate any such error was committed.

The court finds that Judge Edwards was mentally and emotionally competent as a judge at petitioner's trial and no prejudicial error was committed by Judge Edwards. The petitioner's allegation is without merit and accordingly his petition is ordered denied and stricken from the docket. Petitioner is advised that he may appeal the decision of this court to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal with this court within 30 days.