## CIRCUIT COURT OF HENRICO COUNTY

Commonwealth of Virginia

v.

Alfio G. Bertozzi

August 12, 1980

Case No. 80-M-450

By JUDGE E. BALLARD BAKER

Defendant objects in this radar prosecution to the certificate of calibration of the police vehicle, and to the absence of a certificate of calibration of the radar unit.

As to the calibration of the vehicle, the affidavit states that C. Linwood Miles signed the calibration and that Miles personally performed the calibration check and that the certificate is true and correct. The use of "we" in another part of the affidavit does not detract from the effect of Miles's affidavit.

The radar used in this arrest was a unit attached to the motorcycle of the officer. Prior to its use, the officer checked the unit internally and by tuning fork and against the speedometer of his motorcycle. He testified that the radar was operating accurately under these tests. To verify the test against the speedometer, the calibration of the motorcycle was presented.

Defendant objects to the manner in which the accuracy of the radar was determined, citing non-compliance with § 46.1-198(a1). This section provides that a certificate signed by the officers testing the

device, with that certificate accompanied by a calibration certificate, is admissible when attested by one of the officers.

It seems apparent that § 46.1-198(a1) is not applicable. The unit used here is tested by only one officer, by tuning fork and against his own calibrated speedometer. Section 46.1-198(a1) covers the unit which requires testing by one officer driving through the radar while the other observes the radar. Without 46.1-198(a1), a hearsay objection would be valid against one officer testifying as to such check. Crosby v. Commonwealth, 204 Va. 266; Sweeny v. Commonwealth, 211 Va. 668.

In the present case, there can be no hearsay objection to the testimony of Officer Hart. He was the only one involved in the accuracy test. He stated the unit was accurate against the tuning fork and against his calibrated speedometer.

In Thomas v. City of Norfolk, 207 Va. 12, the Supreme Court accepted evidence of tuning fork tests to determine the accuracy of a radar unit, absent contrary evidence.

The use of a calibration certificate to show the accuracy of the speedometer in the vehicle used by the police officer or the defendant is permitted under § 46.1-193.1. That section may be more directed to the situation where the speeding charge is based upon the officer reading his speedometer during a pursuit than to the present situation, but it is still applicable.

In Farmer v. Commonwealth, 205 Va. 609, the Supreme Court pointed out:

> It is generally held that the proof of the accuracy of a speedometer is sufficiently established by showing it was checked against a calibrated master speedometer. . . . (205 Va. 612).

That was done here. The fact that a subsequent amendment, § 46.1-198(a1), provides a method of avoiding the necessity of having two officers present to establish the accuracy of a radar machine under a procedure requiring two officers to determine accuracy, does not prevent the Commonwealth from establishing the accuracy of the type radar used here by the tuning fork and the calibrated speedometer of the motorcycle.

It is noted that the defendant introduced a calibration of his speedometer showing it to be from 10 to 13 miles slow in the speed area involved here. The defendant's testimony that his speedometer was reading "approximately 30" is but further evidence that the reading of the radar, 42 in a 25 mile zone, was accurate.

In accord with my statement in Court on July 23, 1980, a fine of $30.00 and costs is imposed on the defendant on a finding of guilty of speeding in excess of 9 miles over the limit.

An Order overruling the defendant's motion to strike and finding the defendant guilty as indicated has been entered as of the date of this letter. The Order will also provide that the defendant's privilege to operate will be suspended unless fine and costs are paid by September 8, 1980.