## Richmond

JOHN M. FARMER v. COMMONWEALTH OF VIRGINIA.

November 30, 1964.

Record No. 5877.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*R. R. Ryder* (*Martin & Ryder*, on brief), for the plaintiff in error.

*M. Harris Parker, Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for the Commonwealth.

EGGLESTON, C. J., delivered the opinion of the court.

John M. Farmer was charged in a warrant with operating a motor vehicle over a highway of this State at a speed of 63 miles per hour in a 50-mile zone. He was convicted in the county court and appealed to the circuit court. After pleading not guilty to the charge, he waived a trial by a jury and with his consent and the

consent and concurrence of the attorney for the Commonwealth and of the court entered of record, was tried by the court, found guilty, and fined. He was granted a writ of error.

In his assignments of error the defendant contends that the trial court erred in overruling his motions to strike the Commonwealth's evidence on the grounds hereinafter related.

The evidence is brought to us in the form of an agreed statement of facts, is quite brief, and lacks some of the desired details pertinent to the questions presented. R. E. Robinson, Jr., a state trooper, testified on direct examination that on May 25, 1963, at approximately 3:30 A. M., he was on duty on Interstate Route 95, in Hanover county, and was operating a radar unit checking the southbound traffic. A truck, which he later identified "after pursuit of some distance" to be operated by the defendant, "went through the radar unit at a speed of 63 miles per hour in a 50-mile per hour zone."

As the agreed statement further relates: "On cross-examination the trooper testified that he was unable to recall from memory the identity of the truck that went through the radar unit and that he was unable to recall from memory the speed of the truck as it went through the unit, he only being able to testify to the speed and the identity of the truck by reason of the ticket or written memoranda of the offense which he made on the occasion."

The Commonwealth proved by "other witnesses" that the radar unit being used on the occasion had been tested both before and after it had been set up by having a state trooper operate a state-owned vehicle through it at varying speeds of from 50 to 80 miles per hour. The trooper who operated the state-owned vehicle through the unit testified that the speedometer thereon "had been calibrated some time before by the use of a mechanical device known as [a] trackometer."

The defendant admitted that at the time in question his vehicle had passed through the zone where the radar unit was being operated. But he testified that his speed through the zone was not in excess of 50 miles per hour.

At the conclusion of the Commonwealth's evidence and again at the conclusion of all of the evidence the defendant moved to strike the Commonwealth's evidence on two grounds: (1) "the state trooper who testified as to the reading of the radar unit was not testifying from his present recollection, but was testifying by reading a written memoranda which he had prepared at the time;" and

(2) "the mechanical device used in the calibration of the speedometer of the State owned vehicle, which in turn was used in testing the radar unit, was not proven to have been accurate."

These motions to strike were overruled and the trial court found the defendant guilty as charged in the warrant and imposed on him a fine of $10 and costs.

We find that the court properly overruled the defendant's motions to strike.

■ (1) The testimony of Trooper Robinson was admissible and its weight was for the trial court sitting as a jury. This witness recalled from memory the circumstances surrounding the arrest of the defendant. He remembered the date, the hour, the fact that he was operating a radar unit in that particular location, and was checking southbound traffic. On direct examination he identified the truck which went through the radar unit as that operated by the defendant and stated that its speed was 63 miles per hour in a 50-mile per hour zone. On cross-examination he admitted that he "was unable to recall from memory the identity of the truck," or its exact speed, but was able to testify as to these details "by reason of the ticket or written memoranda of the offense which he made on the occasion."

The clear inference from this testimony, given on cross-examination, is that while the witness was unable to recall these details independently of the memorandum, yet at the time and in the performance of his duties he made a correct record of such details and from that record his memory was refreshed. In short, he used the memorandum which he made at the time to refresh his recollection of the identity of the vehicle and its speed. Clearly, under such circumstances, the testimony of this witness was admissible. See *Harrison* v. *Middleton*, 11 Gratt. (52 Va.) 527, 546, 547; 20 Mich. Jur., Witnesses, § 49, pp. 496, 497, collecting other Virginia cases; *Flournoy* v. *State*, 270 Ala. 448, 120 So. 2d 124, 126; *Commonwealth* v. *Smith*, 178 Pa. Super. 251, 115 A. 2d 782, 787; Jones on Evidence, 5th Ed., Vol. 4, § 964, p. 1816; *Id.*, § 966, p. 1817; Annotation, 82 A. L. R. 2d 473 *ff.*

The weight to be accorded the testimony of this witness, both on direct and cross-examination was for the trial court sitting as a jury.

■ (2) The accuracy of the radar unit was sufficiently established.

In *Royals* v. *Commonwealth*, 198 Va. 876, 879-880, 96 S. E. 2d 812, 814, we held that in a prosecution for excessive speed of a motor vehicle in which radar evidence is used pursuant to Code (Repl.

Vol. 1958), § 46.1-198, the Commonwealth must prove that the radar machine used to measure the defendant's speed had been properly set up and recently tested for accuracy. To meet this requirement in the present case, as has been said, the Commonwealth proved that the radar unit had been tested, both before and after it had been set up, by a state trooper who operated a state-owned vehicle through the unit at varying speeds. This trooper testified that the speedometer on his vehicle had previously been "calibrated" "by the use of a mechanical device known as [a] trackometer."

The defendant contends that this falls short of establishing the accuracy of the radar unit because, he says, there is no evidence that the "trackometer" itself was proven to have been accurate. We do not agree with this contention.

The evidence does not disclose the nature of a "trackometer," nor are we able to find any such word in the dictionaries. Evidently the word "trackometer," as used in the record, is a perversion of the word "tachometer" or "tachymeter" which is defined in Webster's Third New International Dictionary as a "speed indicator." In other words, it is a speedometer.

To agree with the defendant's contention that there must be proof of the accuracy of the tachometer which was used to test the accuracy of the speedometer on the state-owned vehicle which was driven through the radar unit would lead to the further requirement that the instrument or instruments which was or were used to test the accuracy of the tachometer were in turn accurate.

Like arguments in similar cases have been made and rejected. It is generally held that proof of the accuracy of a speedometer is sufficiently established by showing that it was checked against a calibrated master speedometer. This is based on the common-sense rule that there must be a "point of faith somewhere" and that that point begins with a calibrated master speedometer which is universally accepted as being prima facie correct. See *Peterson* v. *State*, 163 Neb. 669, 80 N. W. 2d 688, 691; *State* v. *Graham*, Mo. App., 322 S. W. 2d 188, 196, 197; *People* v. *Sachs*, 1 Misc. 2d 148, 147 N. Y. S. 2d 801, 809; *People* v. *Duskin*, 11 Misc. 2d 945, 174 N. Y. S. 2d 527, 529; *City of East Cleveland* v. *Ferell*, 168 Ohio St. 298, 154 N. E. 2d 630, 633; *City of Spokane* v. *Knight*, 96 Wash. 403, 165 P. 105, 106.

On the whole we find that the judgment of conviction is fully sustained by competent evidence, and accordingly it is

*Affirmed.*