Ralph **SHELTON** and Georgia Lou Shelton, Plaintiffs-Respondents,

v.

Mae **JULIAN** and Dallas Julian, Jr., Defendants-Appellants.

No. 11738.

Missouri Court of Appeals, Southern District, Division Three.

Dec. 10, 1980.

Robert H. Jones, Kennett, C. W. Knauts, Piggott, Ark., for defendants-appellants.

W. Robert Cope, Summers, Cope & Walsh, Poplar Bluff, for plaintiffs-respondents.

PER CURIAM.

This is an action for specific performance of a contract for the purchase of an improved tract of land in Butler County. Plaintiffs Ralph D. Shelton, Jr. and Georgia Lou Shelton, husband and wife, are the buyers and defendant Mae Julian is the seller. The other defendant is Dallas Julian, Jr., Mae's son.[1]

The contract was entered into in March 1971. The purchase price was $100,000, interest free, to be paid in monthly installments of $1,000 commencing April 1, 1971. The trial court, sitting without a jury, found in favor of plaintiffs and entered its decree vesting title in plaintiffs. The trial court found that the balance due to Mae under the contract was $17,000 and the plaintiffs deposited that amount in the registry of the court prior to the entry of the decree. The judgment recited that Mae was entitled to the $17,000 and that she, prior to the suit, refused a tender of that amount, and a tender of a monthly installment, by plaintiffs. Defendants appeal.

Defendants contend that the trial court erred in granting plaintiffs the relief of specific performance for the following reasons: (1) The petition alleged that the balance due Mae under the contract was $26,-000 but plaintiffs were given relief upon payment of only $17,000; (2) Plaintiffs did not perform their duties under the contract in three respects; (3) Receipts offered into evidence by plaintiffs had been materially altered and should not have been considered.

On this appeal defendants are represented by counsel who did not represent them in the trial court. At the pleading and discovery stages in the trial court defendants were represented by other counsel. At the trial itself defendants, who are not lawyers, elected to appear without counsel.

Although a defendant has the right to try his own case he "is bound by the same rules of procedure as those admitted to practice law and is entitled to no indulgence he would not have received if represented by counsel." *Commerce Bank of Kansas City v. Conrad*, 560 S.W.2d 388, 390[2] (Mo.App.1977). The record is replete with voluntary unsworn statements, expres-

1. In September 1972 Mae executed a quit claim deed to the land, naming her son and herself as grantees. The deed recited that it was subject to the rights of plaintiffs under the March 1971 agreement.

sions of outrage, and other departures from regular procedure, all of which, in spite of the capable efforts of the distinguished trial judge, detract from the orderliness of the record.

Defendants' first point is that the trial court erred in decreeing specific performance upon the payment by plaintiffs of $17,000, in addition to the payments previously made, for the reason that the petition alleged that the balance due to Mae under the contract was $26,000. The petition, filed in September 1976, alleged that Mae had refused the tender of the July 1976 payment and all subsequent payments, that plaintiffs had paid $74,000 toward the purchase price, and that the balance due Mae was $26,000. Defendants' answer denied all of those allegations.

■ "While a receipt is prima facie evidence of payment, . . . the production of receipts is not the only method of making proof of payment. Payment may be proved by circumstantial as well as by direct evidence. . . ." *Link v. Link*, 262 S.W.2d 318, 321[6] (Mo.App.1953). Testimony of the defendant, in an action on account, that he paid the account is sufficient "to carry that issue to the jury." *Dorroh v. Wall*, 297 S.W. 705, 706[4] (Mo.App.1927). To similar effect see 60 Am.Jur.2d Payment § 147, p. 715; 70 C.J.S. Payment § 112, p. 326.

Plaintiff Ralph Shelton testified that he commenced making the $1,000 monthly payments to Mae in April 1971. The payments were made in cash "because that is the way Mae wanted it." That mode of payment was utilized until October 1974. If the payment schedule of the contract had been strictly followed, the October 1974 payment would have been the 43rd payment. Shelton testified that during that period he obtained receipts, signed by Mae, reflecting payments totaling $38,000 but Shelton also testified that some payments were made which were not evidenced by a receipt.

Included in the sale contract were three trailers. Shelton sold the trailers and paid

the proceeds to Mae as advance payments under the contract. A receipt, signed by Mae in June 1972, acknowledged a payment of $10,000 which included the proceeds ($6,000) of the sale of the trailers. In the receipt Mae said, "six of these payments was to be on end of contract."

It was Shelton's testimony that he had made all of the payments required by the contract and "I paid ahead a lot of times too." Plaintiffs introduced evidence through Shelton, and through witness Keene, to the effect that in October 1974 Mae stated that the balance still due under the contract was $49,500. Plaintiffs' evidence showed that, thereafter, Mae was paid $16,000 by check and $16,500 in cash evidenced by receipts signed by Mae. Plaintiffs' evidence also showed that in July 1976 Mae refused to accept tender of the payment due that month, and subsequent tenders. According to plaintiffs' evidence $83,000 had been paid to Mae and Shelton testified that "$17,000 would bring the balance down to zero."

■ During the introduction of the foregoing evidence defendants made no objection based upon the inconsistency between the allegations of the petition and plaintiffs' evidence with regard to the sum of the payments made to Mae. Defendants' failure to object to that evidence constituted implied consent to the trial of that issue. *East v. Landmark Central Bank & Trust Co.*, 585 S.W.2d 222, 226[9] (Mo.App.1979). The issue, having been tried by the consent of the parties, is treated in all respects as if it had been raised in the pleadings. Rule 55.33(b).[2] That rule also provides that the failure to amend the pleadings to cause them to conform to the evidence does not affect the result of the trial of the issue.

Plaintiff had no receipts for two monthly payments in 1971. The receipt signed by Mae in June 1972 is strong evidence that payments were made in the months for which receipts were missing. In a letter written by Mae to Shelton, sometime after October 1974, Mae asked Shelton if he could

2. Unless otherwise indicated all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

give her payments "ahead of time." The friendly tone of that letter, coupled with that request, makes it doubtful that Shelton was then in default although, by that time, there were no receipts with respect to at least five months. When Mae gave her deposition in August 1977 she testified in reference to Shelton, "I can't say that he cheated me and I can't say that he didn't. I did not take down just how much he paid me."

■ A meticulous examination by this court of the transcript and the voluminous exhibits, including defense exhibits, shows that the trial court's finding that the balance due Mae was $17,000 is supported by the record. Defendants' first point has no merit.

■ Defendants' second point is that the trial court erred in granting plaintiffs relief because plaintiffs did not perform their duties under the contract in the following respects: (a) Plaintiffs failed to pay the real estate taxes; (b) Plaintiffs failed to insure the buildings on the land against fire, lightning, and tornadoes; (c) Plaintiffs assigned their interest in the contract without the written consent of Mae.

As permitted by Rule 55.16 the petition alleged generally that all conditions precedent had been performed by plaintiffs. Defendants' answer, in compliance with Rule 55.16, pleaded specifically the three grounds of non-performance upon which defendants' second point is based. Plaintiffs' reply denied the allegations of the answer.

Defendants' answer, which was filed in December 1976, alleged that plaintiffs had failed to pay the real estate taxes. One of plaintiffs' exhibits was an abstract of title to the land. The abstract contains the certificate of the abstractor, dated July 2, 1976, showing that taxes for 1975 and prior years were paid. Taxes for 1976 did not become delinquent unless they remained unpaid on January 1, 1977, § 140.010. The answer, which was not amended, did not refer to taxes becoming delinquent after its filing and a fair construction of it is that it referred to prior taxes. The abstractor's

certificate was sufficient to show that the taxes were in fact paid by someone. Also introduced into evidence on behalf of plaintiffs were the federal income tax returns of plaintiff Ralph Shelton, Jr., for 1976 and prior years, reflecting his operation of the service station located on the land. Those returns showed that he had paid the taxes on the land and claimed them as business deductions. Defendants offered no evidence to the contrary. Prong (a) of defendants' second point has no factual support.

Defendants' answer alleged that plaintiffs failed to insure the buildings on the land against fire, lightning, and tornadoes. Plaintiff Shelton's federal income tax returns showed that he paid insurance on the buildings and claimed the payments as business deductions. The contract of March 1971 provided "all payments for loss to be applied on said indebtedness," the latter referring to the contract price of $100,000. Although plaintiffs' evidence did not show specifically what type of insurance was procured, there is no showing that there was a loss and the trial court's decree provides for the payment of the entire balance of the purchase price. It is a reasonable inference that prong (b) lacks factual support and in any event the purpose of the insurance requirement has been fulfilled. See *Jameson v. Wurtz*, 396 P.2d 68, 74[7] (Alaska 1964). Prong (b) has no merit.

■ The contract of March 1971 contained this language: "Neither seller or (sic) buyers shall assign the contract as a whole or in part without the written consent of the other." Defendants' answer alleged that plaintiffs assigned their interest in the contract without the written consent of Mae. Defendants' brief claims that plaintiffs violated the restriction by entering into an agreement with National Finance Company in October 1974. Defendants' brief does not set forth the contents of the October 1974 agreement and prong (c) has not been preserved for appellate review. Rule 84.04(c). The record does contain the agreement and a gratuitous examination of it discloses that it is not an assignment of plaintiffs' interest under the March 1971

agreement but indeed contemplates the full performance of that agreement by plaintiffs. Even if accorded plain error review, prong (c) has no factual support. Defendants' second point has no merit.

Defendants' third point is that the trial court erred in ordering specific performance for the reason that "the receipts offered by the plaintiffs had been materially altered and should not have been given any consideration by the trial court." This point has not been preserved for appellate review for the reason that the statement of facts portion of appellants' brief makes no reference to the allegedly altered receipts, nor does it state any facts relevant to the question presented for determination, thereby violating Rule 84.04(c). This court in its discretion has determined to consider the third point. Rule 84.13(c).

■ For several independent reasons this point has no merit. The receipts to which defendants refer were marked, for identification purposes, as plaintiffs' Exhibit 8. They were neither offered nor received into evidence although plaintiff Shelton did, without objection, refer to them. Defendants offered, as their Exhibit L, Mae's duplicate originals of the receipts. There is no showing that the trial court lent any consideration to plaintiffs' Exhibit 8, and in any event the same information was supplied by defendants' Exhibit L.

The trial record is confusing with respect to the nature of the "alterations." Defendant Dallas Julian is a layman and his many references to the alleged alterations are more spirited than informative. Defendants' brief affords little additional illumination. Apparently the alterations to which defendants refer consist of notations, made by plaintiff Ralph Shelton, showing the balance due on the purchase price and the payment numbers (that is, which of the 100 payments) represented by the receipts.

■ The trial court had before it defendants' Exhibit L, which were the receipts in their original form. He could not have been misled by plaintiffs' Exhibit 8 even if it had been offered into evidence. Moreover, "[I]t is well established that the making of a notation upon or an addition to an instrument does not constitute an alteration thereof, where there is no intent to change the effect of the instrument, but merely to make a memorandum upon it. . . ." 4 Am. Jur.2d Alteration of Instruments § 61, p. 57.

■ Additionally, even if it be assumed that the notations constituted material alterations, another principle comes into play. "Where the right is executory, and the instrument securing and evidencing it is materially altered by one having a beneficial interest therein, that instrument, as evidence of the right therein described, is destroyed, but *where the instrument merely evidences an executed transaction and is a memorial of it, the rights which vested by virtue of that transaction in the person who then materially alters the instrument are not thereby destroyed or divested*, although the material alteration may destroy the instrument as to any executory features therein." (Emphasis added.) *Robb v. N. W. Electric Power Cooperative*, 297 S.W.2d 385, 388[4] (Mo.1957).

■ Defendants' reliance upon § 400.3–407(1) is not well-founded for the reason that the word "instrument" as used therein means a negotiable instrument. § 400.3–102(1)(e). A receipt is not a negotiable instrument because it does not meet the requirements thereof set forth in § 400.3–104(1).

Other and lesser matters raised by defendants have been considered but they merit neither sustention nor discussion.

The judgment is affirmed.

All concur.