**Roy BOYER, Appellant,**

v.

**Carl E. FISK and Betty Fisk, his wife, Respondents.**

**No. 43381.**

Missouri Court of Appeals, Eastern District, Division Three.

July 28, 1981.

Earl R. Blackwell, Hillsboro, for appellant.

Richard W. French, Hillsboro, for respondents.

CRIST, Presiding Judge.

Appeal from the setting aside of a default judgment. We reverse.

On January 3, 1980, Roy Boyer filed suit against Carl and Betty Fisk for conversion of his prefabricated house. He sought $30,-000.00 in actual damages and $100,000.00 in punitive damages. On January 12, a deputy sheriff of Jefferson County served the Fisks a standard summons stating:

> You are hereby summoned to appear before the above named court and to file your pleading to the petition, [a] copy of which is attached hereto, and *serve a copy of your pleading upon [the] attorney for plaintiff* [at his address], all within 30 days after service of this summons upon you, exclusive of the day of service. *If you fail to do so, judgment by default will be taken against you* for the relief demanded in [the] petition (emphasis added).

On February 1, the Fisks went to the circuit court clerk's office and obtained a memorandum form. They filled in the style of the case, the date, and the phrase "[no] cause of action." The form does not show it was filled in by the Fisks. They did not sign it, nor make any other notation thereon. The docket sheet on February 1, 1980, shows only "[n]o cause for action." No copy of this or any other response was sent to plaintiff's attorney.

The Fisks asked a clerk there whether they had satisfied the obligations of the summons. The clerk said they had, and they would be notified of their court date. On the way home they talked to "a couple of lawyers," but retained no counsel.

On February 15, 1980, a default judgment was taken. The trial court awarded plaintiff $12,000.00 in actual damages and $5,000.00 in punitive damages. On March 19, plaintiff's counsel notified the Fisks of the judgment and sought payment.

On April 1, forty-five days after the default had been entered, the Fisks filed their motion to set aside the default judgment in the nature of a writ of error coram nobis. A hearing was held, and the motion was granted on May 22. Boyer appeals the setting aside of the default judgment.

 "A proceeding in the nature of a writ of error coram nobis is designed to bring to the attention of the court some unknown fact, not going to the merits of the cause, but relating to the jurisdiction of the court to proceed and to attain a valid result in the proceeding. [citations omitted]." *Edson v. Fahy*, 330 S.W.2d 854, 858 (Mo.1960). *See also, Hub State Bank v. Wyatt*, 589 S.W.2d 372, 373 (Mo.App.1979). The facts unknown by the trial court at the time of the entry of the default judgment were the execution by the Fisks of the incomplete "[n]o cause of action" memorandum, and the comment by the clerk to Fisks that they would thereafter receive notice of the trial date. However, the complaining party must be free from fault, neglect or inattention to his case, and must prove he exercised reasonable diligence. *Defford v. Zurheide-Hermann, Inc.*, 536 S.W.2d 804, 810 (Mo.App.1976). Reasonable diligence embraces such watchfulness, caution and foresight as under all the circumstances would be exercised by a careful and prudent man. *Loeffler v. City of Kansas City*, 557 S.W.2d 656, 658 (Mo.App.1977). The Fisks failed to exercise reasonable diligence.

 In *Harriman v. Household Finance Corp.*, 608 S.W.2d 117 (Mo.App.1980), Harriman understood from a circuit clerk that he would be notified of his court date. No notice came, trial was had, and default judgment was entered. His action to set aside the default, based on his reliance on the clerk, failed and we affirmed. Similar reliance here effects the same result. The clerk had no authority to speak for the court or make exceptions to the rules of procedure. The Fisks' reliance on a clerk in the circuit clerk's office was not reasonable diligence.

 The Fisks did not retain counsel. That, of course, is their right. They are bound, however, by the same rules and procedures as those admitted to practice law and are entitled to no indulgence they wouldn't have received if represented by counsel. *Shelton v. Julian*, 610 S.W.2d 129, 130 (Mo.App.1980). Viewed in this light, the Fisks' reliance on the clerk is clearly unjustifiable.

 Finally, the Fisks ignored the plain language of the summons by not sending some reply to plaintiff's attorney. One who has been served personally with a summons must use diligence to prevent a default judgment against him. *Gregg v. Johnston*, 546 S.W.2d 754, 756 (Mo.App.1977).

The May 22, 1980 judgment is reversed, and the February 15, 1980 default judgment is reinstated.

REINHARD and SNYDER, JJ., concur.