CITY OF KANSAS CITY, Missouri,
Respondent,

v.

Betti A. TENNILL, Appellant.

No. WD 32639.

Missouri Court of Appeals,
Western District.

Jan. 19, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Feb. 23, 1982.

Application to Transfer Denied
April 13, 1982.

L. R. Magee, Kansas City, for appellant;
Hines & Magee, Kansas City, Mo., of counsel.

Aaron A. Wilson, City Atty., Jack H. Schrimsher, City Prosecutor, Dennis E. Lee, Asst. City Prosecutor, Kansas City, Mo., for respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

TURNAGE, Presiding Judge.

Betti Tennill was found guilty on a trial de novo without a jury in the Circuit Court of Jackson County of violating a speed ordinance of the City of Kansas City. She was assessed a fine of $15.

On this appeal Tennill contends the radar evidence of speed was erroneously admitted; that the testimony of the police officer of his estimate of her speed was improperly admitted and that the City failed to make a submissible case. Affirmed.

In December, 1980, Officer Blum of the Kansas City Police Department set up a radar speed check. The officer testified that he tested his radar unit for accuracy before and after he checked the speed of Tennill's car by striking two tuning forks against a hard object and holding them up to the radar unit. The officer testified that one of the forks was calibrated at 35 mph and the other at 88 mph. He said the radar unit responded to the tuning forks accurately.

The officer further testified that each month he used two tuning forks to check

his radar unit for accuracy. Each month the officer tests the accuracy of the tuning forks by use of a digital frequency counter. This is done by striking the tuning forks and holding them up to the microphone of the counter. The officer testified that he had tested the tuning forks used in this case in such fashion and found them to be accurate for the speeds at which they were calibrated.

■ Tennill's main contention is that the radar evidence was improperly received because the accuracy of the digital frequency counter was not proven. No contention is made that the tuning forks were not accurate nor that the radar machine was not accurately performing. The contention is that the City, in order to make a case, was required to prove that the digital frequency counter had been tested and found to be accurate.

In *Kansas City v. Hill*, 442 S.W.2d 89 (Mo.App.1969), this court held that radar evidence was admissible when it was shown that the radar machine had been tested by the use of tuning forks which in turn had been calibrated by electronic equipment designed for that purpose. Tennill does not question the *Hill* decision but, as noted, carries the argument one step beyond the evidence considered in *Hill* when she argues that the machine which tested the tuning forks must in turn be shown to be accurate.

In *Hill*, this court cited with approval *Farmer v. Commonwealth*, 205 Va. 609, 139 S.E.2d 40 (1964). This court approved of the statement in *Farmer* that there must be a point of faith somewhere in determining the accuracy of mechanical devices. The full statement in *Farmer* appears at 139 S.E.2d 42[2] as follows:

"To agree with the defendant's contention that there must be proof of the accuracy of the tachometer which was used to test the accuracy of the speedometer on the state-owned vehicle which was driven through the radar unit would lead to the further requirement that the instrument or instruments which was or were used to test the accuracy of the tachometer were in turn accurate.

"Like arguments in similar cases have been made and rejected. It is generally held that proof of the accuracy of a speedometer is sufficiently established by showing that it was checked against a calibrated master speedometer. This is based on the commonsense rule that there must be a 'point of faith somewhere' and that that point begins with a calibrated master speedometer which is universally accepted as being prima facie correct."

In addition to *Hill* the court in *State v. Graham*, 322 S.W.2d 188, 197 (Mo.App.1959), made the statement that there must be a point of faith somewhere. Thus, the courts of this State have recognized that there is a point beyond which the prosecution of a radar case will not be required to go in order to prove the accuracy of the radar machine. In this case it is obvious that the City would be required to introduce evidence from another mechanical device in order to prove the accuracy of the digital frequency counter. If that were done, then the argument could be made that the accuracy of the machine testing the digital frequency counter had not been shown. It is thus apparent that Tennill's argument followed to its logical conclusion would make it impossible to prove the accuracy of any radar machine because there would always be one more measuring device which would require proof of the accuracy of the machine which had tested it.

The answer to Tennill's argument has been stated in *Graham, Hill* and *Farmer* and that is that there is a point of faith. The point of faith in this State has been established when the court in *Hill* accepted the proof of the machine which tested the tuning forks without requiring proof that such machine had in turn been tested for accuracy. This court holds that the City's evidence that the tuning forks had been tested against a digital frequency counter and found to be accurate was sufficient without proof that the digital frequency counter had been tested for accuracy.

■ Tennill next contends that the court erroneously admitted the opinion evidence

of Officer Blum that Tennill was exceeding the speed limit by 12–14 mph. Even if it be assumed that such evidence was improperly admitted, the admission of such evidence is harmless error. This for the reason that the radar evidence was before the court and the testimony of the officer did not significantly add to the proof already shown by the radar device. This court finds that the admission of such evidence, even if assumed to be error, was harmless beyond question. *State v. Degraffenreid*, 477 S.W.2d 57, 64[14] (Mo. banc 1972). The evidence was sufficient to make a submissible case and Tennill's motion for a judgment of acquittal was properly overruled.

The judgment is affirmed.

All concur.