**STATE of Missouri, Respondent,**

v.

**Ben L. MOORE, Appellant.**

**No. 49535.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 19, 1985.

Clemonds observed defendant's car traveling eastward on Interstate 70, at what Trooper Clemonds believed was an excessive speed. Trooper Clemonds checked defendant's speed with his radar unit, which indicated defendant was traveling at seventy-five miles per hour. Trooper Clemonds crossed the median and proceeded in the opposite direction to stop defendant's car. Trooper Clemonds testified that when he showed the radar reading to defendant, defendant stated "Yeah, I know."

In his point relied on, defendant states the trial court erred in not granting his motion for a directed verdict, because the State failed to make a prima facie case against him. Defendant's point relied on does not comply with Rule 84.04(d). In the argument portion of his brief, defendant states three reasons the State failed to make a prima facie case, only two of which need be answered. Defendant asserts: (1) the State did not establish the radar unit was tested and found to be operating properly at the site of and reasonably close in time to his arrest, and (2) the State did not establish the tuning forks used to test the radar unit for accuracy were tested for accuracy.

We review the evidence in the light most favorable to the State. *City of Kansas City v. Oxley*, 579 S.W.2d 113, 115 (Mo.banc 1979). The State was required to prove the radar unit was operating accurately at the time it was used to determine defendant's speed. *State v. Calvert*, 682 S.W.2d 474, 477 (Mo.banc 1984). In the case at bar, as in *Calvert*, the state trooper used moving radar to determine defendant's speed. Trooper Clemonds testified he used tuning forks calibrated to produce speed readings of 30 M.P.H. and 70 M.P.H. before starting his shift at 7:00 a.m. on September 4, 1984. Trooper Clemonds further testified he used the tuning forks to check the accuracy of his radar unit "right after" defendant's arrest. In both instances, the tests indicated the radar unit was functioning properly. This testimony satis-

Philip T. Ayers, St. Ann, for appellant.

Timothy M. Joyce, Warrenton, for respondent.

CRIST, Judge.

Defendant appeals from a jury waived conviction of exceeding the speed limit, in violation of § 304.010 RSMo Supp.1984. Defendant's conviction was based primarily on a state trooper's use of a Speed Gun Eight radar unit. We affirm.

Shortly after 8:00 a.m. on September 4, 1984, State Trooper Clemonds was patrolling Interstate 70 in Warren County, Missouri. As he traveled westward, Trooper

fies the State's burden of proving the radar unit was checked for accuracy reasonably close to the time of its use. *See State v. Calvert*, 682 S.W.2d at 478.

Defendant also claims the State did not establish the tuning forks used to test the radar unit for accuracy were themselves tested for accuracy. Trooper Clemonds testified he personally tested the tuning forks in question on December 27, 1983 at the Troop C radio room, by striking the tuning forks and holding them in front of a frequency finder. Trooper Clemonds performed this test approximately eight months prior to defendant's arrest. The State Highway Patrol requires accuracy checks of the tuning forks once each year. Trooper Clemonds testified he had training required by the Highway Patrol to test tuning forks for accuracy. He further testified the read-out on the frequency finder was within the allowed tolerance for the tuning forks. A certificate of accuracy to this effect was admitted into evidence. The State was not required to prove the accuracy of the frequency finder. *City of Kansas City v. Tennill*, 630 S.W.2d 173, 174 (Mo.App.1982). Trooper Clemond's testing of the tuning forks on December 27, 1983 was sufficient absent any evidence to the contrary.

We recognize the scientific evidence supporting defendant's conviction is not as conclusive as it could have been. However, societal pressures to keep reckless drivers off the highways are such that this kind of evidence must be admitted into evidence as a basis for conviction. In the present case, where radar indicated defendant's vehicle was traveling seventy-five miles per hour, we believe the State has established defendant's guilt beyond a reasonable doubt.

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.