STATE of Missouri, Respondent,

v.

William H. GUENTHER, Jr., Appellant.

No. WD 39296.

Missouri Court of Appeals,
Western District.

Feb. 2, 1988.

William H. Guenther, Jr., pro se.

David A. Dolph, Asst. Pros. Atty., Platte City, for respondent.

Before GAITAN, P.J., and TURNAGE and CLARK, JJ.

GAITAN, Presiding Judge.

Appellant William Guenther appeals from a jury waived conviction of exceeding the speed limit in violation of § 304.010,

RSMo 1978. The punishment imposed was a fine of $10. On appeal, appellant contends (1) the trial court was without jurisdiction to hear the case; (2) a proper arraignment was not held; (3) the trial court erred by not permitting certain evidence to be produced at trial; (4) the trial court erred by denying appellant's discovery request for the substance of a State Witness' testimony; (5) the trial court erred by permitting the State to answer appellant's discovery request the day before trial; (6) the evidence was insufficient to sustain his conviction; (7) the trial court failed to adequately advise him of his rights as well as applicable rules and procedures; and (8) the trial judge was personally prejudiced against him. We affirm.

In determining whether the evidence was sufficient to support the verdict, we view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences to be drawn from the evidence, and we ignore contrary evidence and inferences. *State v. Guinan*, 665 S.W. 2d 325, 327 (Mo. banc 1984); *City of Kansas City v. Oxley*, 579 S.W.2d 113, 115 (Mo. banc 1979). The test is whether the evidence, so viewed, is such that a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty. *State v. Bonuchi*, 636 S.W.2d 338, 340 (Mo. banc 1982).

Evidence supportive of the verdict showed that on November 13, 1986, at approximately 5:20 p.m., Missouri State Highway Patrolman David E. Earney, while traveling southbound on Interstate 29, observed a grey-colored vehicle proceeding northbound on Interstate 29, approximately one mile north of Route Z in Platte County. At appellant's trial, Trooper Earney testified that the vehicle was passing two other cars and appeared to be traveling at a high rate of speed. The trooper locked his radar device on the grey vehicle and obtained a reading of 74 m.p.h. in a 55 m.p.h. zone. Officer Earney stopped the vehicle and issued a Uniform Traffic Ticket charging appellant with exceeding the speed limit in violation of § 304.010, RSMo.

■ In order for the State to make·a prima facie case, the State was required to prove the radar unit was operating accurately at the time it was used to determine appellant's speed. *State v. Calvert*, 682 S.W.2d 474, 477 (Mo. banc 1984). It must be shown that the radar device had been set by tuning forks which in turn had been calibrated by electronic equipment designed for that purpose. *City of Kansas City v. Tennill*, 630 S.W.2d 173, 174 (Mo. App.1982).

■ Trooper Earney testified that he had received training in the use and testing of both the radar device and the tuning forks used to test the radar device and that he had received certificates indicating completion of such training. Trooper Earney further testified that both before and after using the radar device to determine the speed of appellant's vehicle, he had checked the radar device's accuracy by conducting three different tests: an internal calibration test, a light sigma test and a tuning fork test. The results of these tests indicated that the radar device was working accurately. Trooper Earney also stated that the tuning forks used to test the radar unit were checked in August of 1986, approximately three months before the date of the offense, and were found to be tuned accurately. This testimony was sufficient to support a finding that the radar unit was operating accurately at the time of its use relative to the offense, and the radar evidence was sufficient to prove, beyond a reasonable doubt, that appellant was driving in excess of 70 miles per hour in a 55 mile per hour zone.

Appellant also alleges that the trial court erred in denying appellant's discovery request regarding what "the fundamental part and substance" of Trooper Earney's testimony would be at trial. Appellant claims that, because the State never informed him that Trooper Earney would be presented as an expert at visually estimating speed at trial and would testify as to his visual estimation of appellant's speed at the time of the offense, he was denied a fair trial in that he was "caught by sur-

prise" and had no time to prepare an adequate defense.

Appellant's point is without merit. As the record makes clear, the State, in its First Amended Answer to Defendant's Request for Discovery notified appellant that Trooper Earney would testify as to his visual .estimation of appellant's speed. Moreover, it is clear from the record that appellant was "caught by surprise", not through any fault on the part of the State or the trial court, but rather through appellant's lack of diligence in seeking discovery.

On January 8, 1987, appellant filed his initial discovery request with the trial court. However, he failed to serve a copy of his discovery request upon counsel for the State as required by Rule 25.03(B), Missouri Rules of Criminal Procedure (1987) (Mo.R.Crim.P.), even though he had been instructed by the trial court to do so. The State ultimately received a copy from the court and, on March 4, 1987, filed its Answer to Defendant's Request for Discovery. On March 12, 1987, seven days before trial, appellant filed a Motion to Compel requesting the court to direct the State to answer those portions of appellant's discovery request to which the State had objected, but the appellant never called the motion up for hearing. Rule 24.04(b)4., Mo.R.Crim.P. The State took the initiative and the motion was set for hearing on March 18, 1987. As a result of that hearing, the State filed an Amended Answer on March 19, 1987, in which it was stated that Trooper Earney would give opinion testimony concerning his visual estimation of appellant's speed. If appellant felt he needed more time to review this information and prepare an adequate defense, he should have requested a continuance. *See* Rule 24.08 and 24.09, Mo.R.Crim.P. Trial was held on March 20, 1987. The trial judge asked appellant if he was ready to proceed with trial and appellant announced ready. Trooper Earney's testimony regarding his visual estimation of appellant's speed was admitted without objection.

■ An experienced officer's opinion testimony regarding the speed of a vehicle is admissible in a traffic case. *State v. Calvert, supra,* 682 S.W.2d at 480. Even assuming arguendo that Trooper Earney's visual estimation of appellant's speed was improperly admitted, the admission of this opinion testimony was harmless error. "A reversal based on the erroneous admission of evidence in a court-tried case requires that the evidence have played a critical role, and there must have been an absence of sufficient competent evidence to support the decree." *In Re R.M.,* 697 S.W.2d 205, 209 (Mo.App.1985). As noted earlier, there was sufficient competent radar evidence from which the trial court could determine that appellant was driving in excess of the speed limit, and Trooper Earney's opinion testimony did not add significantly to the radar evidence already shown. *See City of Kansas City v. Tennill, supra,* 630 S.W.2d at 175.

■ Appellant further alleges that the trial court erred by not permitting the radar gun and tuning forks to be produced at trial for testing. Appellant takes the position that the failure to produce the radar device and tuning forks abridged his sixth amendment right to be confronted by the witnesses against him. We disagree.

A radar device is not a witness. The radar equipment used by Trooper Earney could not have testified in court as to the speed of appellant's car at the time of the offense. The equipment was, however, evidence which the appellant was entitled to inspect in order to prepare a defense. The trial court told appellant that he would be permitted to make an out-of-court inspection of the radar device and tuning forks prior to trial and he declined to do so. Although the State was prepared to make Trooper Earney, as well as the radar unit and tuning forks, available to appellant, appellant never contacted the Platte County prosecutor to set up a time to inspect the equipment. In his brief, appellant explains that "[t]he suggestion for inspecting the radar gun was not accepted because the Appellant did not feel he had the legal knowledge to arrange an 'inspection' which could have been admissible as evidence in court."

■ Appellant did not retain counsel to represent him at trial or on this appeal. That is his right. *Boyer v. Fisk*, 623 S.W. 2d 28, 30 (Mo.App.1981). The rule is, however,

> that those who elect to represent themselves in propria persona are entitled to no indulgence they would not have received if they had been represented by counsel. They are bound by the same rules of evidence and procedure as those who are admitted to practice law, and they are held to the same familiarity with required procedures and rules as would be attributed to a member of the bar.

*Parker v. Wallace*, 473 S.W.2d 767, 773 (Mo.App.1971). *See also Shelton v. Julian*, 610 S.W.2d 129, 130 (Mo.App.1980); *Commerce Bank of Kansas City v. Conrad*, 560 S.W.2d 388, 390 (Mo.App.1977). Viewed in this light, appellant's lack of legal expertise does not justify his decision to decline the court's and State's offer to conduct an out-of-court examination of the radar equipment. His decision to forego inspection constitutes a waiver of the right. Moreover, appellant has failed to demonstrate how he was prejudiced by the court's refusal to permit the radar unit to be brought into court. He merely states that it "could have had an 'adverse affect [sic] of substantial rights' of the appellant." The point is rejected.

■ We are not inclined to review appellant's remaining points as they are either without merit or have been improperly briefed or presented. *See* Rule 84.04(d), (h), Missouri Rules of Appellate Procedure; *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). Two final points, however, need to be addressed. Appellant contends he was denied a fair trial because the trial judge was personally prejudiced against him. An illustration of the order of error asserted by appellant is his complaint that "[o]n fourteen occasions the Court sustained objections by the State or overruled objections by the Appellant." We have examined the fourteen objections to which appellant seems to be referring and find no error. Furthermore, contrary to appellant's opinion, the record indicates that the appellant was treated with all the patience, courtesy and respect to which he was entitled. There was no prejudice to appellant.

■ In another point relied on, appellant also complains the trial court failed to advise him of his rights by not "point[ing] out that the Appellant had the right to a continuance." What appellant does not seem to understand is that a trial judge has neither the right nor obligation to give legal advice to counsel for either side. The court must, of course, protect the rights of the individual in all cases, but it can neither instruct counsel on how to try a case, nor dictate trial strategy or tactics. *See Parker v. Wallace, supra,* 473 S.W.2d at 771. While many people, perhaps brilliant in other fields but untrained in the law, feel that they can better protect their interests if they appear and fight their own battles personally, quite often their ignorance of the substantive and procedural law may and usually does lead them to believe that a proceeding has been unfairly handled to their prejudice. Such is the case here.

We have carefully reviewed the record and find that the judgment was supported by substantial evidence, and the trial judge did not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The judgment of the trial court is affirmed.

All concur.