**STATE of Missouri, Respondent,**

v.

**Hilario G. PEREZ, Appellant.**

**No. WD 43175.**

Missouri Court of Appeals,
Western District.

Jan. 21, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

BERREY, Presiding Judge.

Hilario Perez appeals his jury conviction of transfer of cocaine and sentence of seven years in the Missouri Department of Corrections.

Appellant was charged with sale (Count I) and conspiracy to sell (Count II). The state produced two witnesses who testified at trial. Sidney Popejoy, a chemist for the Missouri Highway Patrol, testified the substance introduced as Exhibit No. 1 was cocaine. Mark Stoner, an officer with eighteen months experience as a Jefferson City police officer, also testified.

Stoner's undercover work brought him into contact with Nicholas Massie, Jacquelin Anderson, and Perez. This contact was described in detail by Stoner. Stoner testified Massie called him to see if he was interested in buying some cocaine or speed. Stoner had previously purchased drugs from Massie and agreed to buy some cocaine. Massie went to Stoner's apartment and told him he would get him one gram of cocaine for $100. Stoner gave Massie the money and agreed to meet Massie at the River City Lounge to get the drugs. Ston-

er arrived at the bar and waited for Massie. When Massie arrived he went directly to Anderson and Perez who were seated just inside the door of the bar. Stoner did not overhear any conversation between those persons.

Stoner joined the group and Massie told him he was unable to secure the cocaine. At this time Anderson said she could secure a solid rock of cocaine for $100, and it would just take a couple of minutes for her and the appellant to go get it. Stoner retrieved the $100 from Massie and gave it to Anderson. During this time Perez sat silent. Anderson then exited the bar with Massie and Perez aka "Sonny." In about twenty minutes Massie returned to the bar and told Stoner to follow him. They went outside the bar and Massie gave Stoner a small package of cocaine. Massie told Stoner that Anderson and Perez had "snorted a small line" out of the gram and he'd make it up to him. He and Massie then discussed the possibility of Stoner making a larger drug purchase at a later date.

About a week after the sale Stoner saw Perez at another bar in Jefferson City and told him the cocaine he'd purchased from him was good. Stoner testified that Perez stated, "it was—was pretty good. It wasn't great, but it was about the best around at the time."

Appellant alleges four points of error: (1) the trial court erred in not denying appellant's motion for acquittal at the close of the evidence and the subsequent motion for new trial due to insufficient evidence; (2) trial court failure to sustain appellant's objection to Stoner's testimony of Massie's and Anderson's statements; (3) trial court erred in permitting Stoner to testify about appellant's statements made after the offense; (4) trial court erred in failing to sua sponte declare a mistrial because of prosecuting attorney's closing argument and comments upon defendant's failure to testify.

Under Point I appellant alleges the state failed to present sufficient evidence to prove appellant's guilt beyond a reasonable doubt. This point alone will be addressed as it is dispositive of the matter.

The state failed to produce any evidence of appellant's affirmative participation in the sale of the cocaine by a third person to Stoner.

When reviewing the sufficiency of the evidence we must consider as true evidence most favorable to the state together with reasonable inferences drawn therefrom and disregard evidence and inferences to the contrary. *State v. Isom,* 660 S.W.2d 739, 740 (Mo.App.1983). The trial court finding will be affirmed if supported by substantial evidence. Section 195.020, RSMo (1986) reads as follows:

It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, distribute, or compound any controlled or counterfeit substance except as authorized in sections 195.9010 to 195.320.

It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance or an imitation controlled substance in violation of this chapter.

It is unlawful for any person to deliver, possess with intent to deliver, or manufacture with intent to deliver, drug paraphernalia, knowing, or under circumstances where one reasonably should know, that it will be used to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance or an imitation controlled substance in violation of this chapter.

It is unlawful for any person to place in any newspaper, magazine, handbill, or other publication any advertisement, knowing, or under circumstances where one reasonably should know, that the purpose of the advertisement, in whole or in part, is to promote the sale of objects designed or intended for use as drug paraphernalia.

The evidence is insufficient to prove that appellant actively participated in the sale of cocaine.

The state has the burden of proving beyond a reasonable doubt that the defendant committed each element of the offense charged. *State v. Johnson*, 741 S.W.2d 70, 73 (Mo.App.1987). The proof offered must justify a rational trier of fact in finding that element beyond a reasonable doubt. *State v. Guenther*, 744 S.W.2d 564, 565 (Mo.App.1988). "The facts must be consistent with each other and with the hypothesis of guilt; they must be inconsistent with innocence, and they must preclude a reasonable hypothesis of innocence." *State v. Dudley*, 617 S.W.2d 637, 639 (Mo. App.1981).

*State v. Castaldi*, 386 S.W.2d 392, 395 (Mo. banc 1965), stands for the proposition that:

> Evidence that an accused had an opportunity to commit a crime, or which merely raises a suspicion and gives rise to conjecture, is insufficient as the basis for a judgment of conviction. Presence of the accused at the commission of a felony is evidence to be considered in determining whether he was guilty of aiding and abetting, but in order to aid and abet another in the commission of a crime something more than mere presence must be shown....

The accused must in some manner associate himself with the venture, *Mays v. United States*, 261 F.2d 662 (8th Cir.1958).

The state's burden is to prove appellant guilty beyond a reasonable doubt. The evidence offered to support the guilty verdict was sufficient only to suggest a crime had been committed. Additionally, the evidence presented only raised mere suspicions of appellant's complicity in the crime. The evidence failed to show he sold the cocaine.

Judgment reversed.

All concur.