Waymon D. DENTON, Russell C. Musgrove, Thomas G. Fetterhoff, Louis E. Mathes, Appellants (Defendants),

v.

STATE of Indiana, Appellee (Plaintiff).

No. 2–378A76.

Court of Appeals of Indiana,
Second District.

Dec. 26, 1979.

Don G. Blackmond, South Bend, for appellants.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

### OPINION ON PETITION FOR REHEARING

SULLIVAN, Judge.

This court on October 18, 1979 affirmed convictions against the appellants for operating vehicles in excess of the statutory weight limitations. 395 N.E.2d 812. Appellants now petition for a rehearing. We grant that petition in order to address two of the contentions raised therein and to dispel any misconceptions about our earlier opinion. The two contentions are as follows:

1. That our opinion effectively shifted the burden of proof from the State to the defendants to show the accuracy or inaccuracy of the portable scale weighing techniques, and

2. that the term "portable scales" as used in I.C. 9–8–1–17 (Burns Code Ed. 1973) means a scale other than a platform scale.

## I.

The requirement that the State carry the burden of proof in a criminal prosecution is so firmly established as to obviate any need for citation. It is equally settled, however, that once the State has presented a prima facie case of guilt, the defendant must come forward with evidence sufficient to revive a reasonable doubt in the mind of the trier of fact. *Smith v. State* (1971) 255 Ind. 687, 266 N.E.2d 216. In *Smith*, the defendant was convicted of rape. He argued that his intoxicated state precluded him from having the requisite intent. The court affirmed the conviction because even in the face of the rebuttal evidence adduced by the defendant, i. e., his bare declaration of inebriation, there was evidence of probative value from which the trial court could reasonably infer that the defendant was guilty beyond a reasonable doubt.

There is no definitive authority on the allocation of burdens of proof in scientific and mechanical measurements:

"As far as decisions directly touching the question to be annotated are concerned, an almost tomb-like silence is to be found on whether there is any presumption, or where the burden of proof lies, as to the accuracy of scientific and mechanical instruments used to measure speed, temperature, time, and the like." 21 A.L.R.2d 1200.

The A.L.R. annotation, *supra*, discusses a problem analogous to the use of scales; that is, the use of radar and speedometers to measure vehicular speed. It is generally acknowledged that the State must prove that devices used to determine speed are accurate. In order to establish a prima facie case of guilt, the State must show that the apparatus was properly set up and regularly tested. *See, e. g., People v. Burch* (1974) 19 Ill.App.3d 360, 311 N.E.2d 410, *State v. Simon* (Iowa 1976) 243 N.W.2d 571, *Carrier v. Commonwealth* (Ky.1951) 242 S.W.2d 633, *Farmer v. Commonwealth* (1964) 205 Va. 609, 139 S.E.2d 40. Thus in *Burch, supra,* the court stated:

"The record here indicates that the arresting officer tested his radar apparatus before and after its use in apprehending the defendant by utilizing an electronic plug-in device. We are of the opinion that this was sufficient proof of the accuracy of the radar unit and of its proper operation for the trial court to have found the defendant guilty of speeding upon the reading taken from that unit." 19 Ill.App.3d 363, 311 N.E.2d 413.

Once the State has proven excessive speed, at least one jurisdiction has openly acknowledged a shift in the burden of producing evidence. The Virginia court explained that after measurements obtained by radar are presented by the State, the burden of going forward with the evidence shifts to the defendant. This neither shifts the ultimate burden of persuasion nor does it deprive the defendant of the presumption of innocence. *Dooley v. Commonwealth* (1956) 198 Va. 32, 35–36, 92 S.E.2d 348, 350, *appeal dismissed,* 354 U.S. 915, 77 S.Ct. 1377, 1 L.Ed.2d 1432.

By analogy, in a weight violation case, the State must prove that the scales were tested before and after their use. The State in the instant case did so. The burden of producing evidence then shifted to the defendants. The defendants presented no evidence. Thus we reaffirm the statement made in our original opinion: "While the defendants impugn the portable scale technique, they have presented no evidence or argument to support their misgivings. We believe it incumbent upon them to present some data or authority if they wish to curb such an established technique." 395 N.E.2d at 816.

## II.

Finally, appellants argue that the term "portable scales" does not sanction the use of multiple scales which weigh less than all axles simultaneously. Appellants assert, "A 'portable scale' must necessarily mean a platform scale. . . ." Their references to Indiana Rules and Regulations (24–6–3–2)–1, (24–6–3–2)–2, and (24–6–3–13)–1(e) are as unpersuasive now as when we first

considered this appeal. Those provisions are directed to trade and consumer laws, not truck weight violations. We also remind appellants of a basic tenet of statutory construction. Words and phrases should be given their plain, ordinary and usual meaning. *State v. Turner* (2d Dist. 1979) Ind.App., 386 N.E.2d 208. The relevant statute reads:

> "Any peace officer having reason to believe that any vehicle herein described or the load thereon is unlawful is authorized to stop, measure and weigh the same on any public highway by means of *portable or* stationary scales . . . ." (Emphasis added.) I.C. 9–8–1–17 (Burns Code Ed. 1973)

We fail to see any ambiguity in the words "portable scales" nor do we find any clearly expressed legislative intent to bar any particular type of portable scale. Had the legislature intended to sanction only platform scales for use by the police, it surely would have said so.

Accordingly, our decision of October 18, 1979 is hereby reaffirmed.

BUCHANAN, C. J., and SHIELDS, J., concur.