**McMAHON FOOD COMPANY, INC.,**
**Appellant (Plaintiff),**

v.

**James R. CALL, Individually, d/b/a Lakeview Restaurant, and Lakeside Restaurant, d/b/a Lakeview Restaurant, Appellee (Defendant).**

No. 2–978A326.

Court of Appeals of Indiana,
Second District.

July 9, 1980.

Stephen K. Andrews and James H. Parsell, Indianapolis, for appellant (plaintiff).

James R. Call, pro se.

SULLIVAN, Judge.

Plaintiff McMahon Food Company (McMahon) appeals a default judgment entered in its favor. It asserts that the trial court erred in refusing to award treble damages pursuant to I.C. 34–4–30–1 (Burns Code Ed.Supp.1979). We reverse.

Evidence of the following facts was presented at the hearing on the application for default judgment. On September 29, 1977, James Call gave a McMahon driver a $396 check for goods delivered to his Lakeview Restaurant. The check was returned for insufficient funds on October 14. McMahon's credit manager notified Call by telephone. Eventually, Call paid $300 on that check. On October 11, Call presented a $337 check for a different delivery. It was returned for insufficient funds on October 28. The credit manager again notified Call by telephone. After Call guaranteed that it would clear, McMahon accepted a third check for $480.51 on December 19. That check was also returned. Call made no payments on either the October 11 or the December 19 checks. Call received written notice of nonpayment of the three checks by letters dated January 19, 1978.

In its complaint, McMahon requested actual damages on the first check,[1] treble damages on the last two checks, costs and attorney fees. The trial court granted the request with the exception of treble damages. It awarded actual damages on all three checks.

At the outset, we note that, because Call has not filed an appellate brief, McMahon is entitled to reversal if it demonstrates a prima facie case of reversible error.

---

1. *But see* I.C. 35–17–5–12(7) (Burns Code Ed.1975) (repealed effective October 1, 1977, by Acts 1976, P.L. 148, § 24).

*J.E.G. v. C.J.E.* (2d Dist. 1977) Ind.App., 360 N.E.2d 1030.

I.C. 34–4–30–1 (Burns Code Ed.Supp. 1979) provides:

"If a person suffers a pecuniary loss as a result of violation of IC 35–43 [35–43–1–1 —35–43–5–5] he may bring a civil action against the person who caused the loss for:

(1) An amount equal to three [3] times his actual damages;

(2) The cost of the action; and

(3) A reasonable attorney's fee."

I.C. 35–43–4–4(e) (Burns Code Ed. Replacement Vol. 1979) states:

"Except as provided in section 5(b) [35–43–4–5(b)] of this chapter, a person who has insufficient funds in or no account with a drawee credit institution and who makes, draws, or utters a check, draft, or order for payment on the credit institution may be inferred:

(1) To have known that the credit institution would refuse payment upon presentment in the usual course of business; and

(2) To have intended to deprive the owner of any property acquired by making, drawing, or uttering the check, draft, or order for payment of a [any] part of the value of that property."

■ I.C. 35–43–4–5(b) (Burns Code Ed. Replacement Vol. 1979) provides that no crime is committed if the drawer pays the amount due to the credit institution within ten days after receiving notice that the check was not paid. Since Call did not appear, he, obviously, did not present evidence that any of the amounts were ever paid to the payor bank. *See Denton v. State* (2d Dist. 1979) Ind.App., 398 N.E.2d 1288. The evidence was sufficient to establish that McMahon suffered a pecuniary loss. *See Americar Leasing, Inc. v. Maple* (2d Dist. 1980) Ind.App., 406 N.E.2d 333.

■ We necessarily surmise that the trial court's refusal to award treble damages was based upon the rule announced in *Taber v. Hutson* (1854) 5 Ind. 322, that one cannot recover punitive damages for an act which is also subject to criminal penalties. In *Taber* the court stated:

"The constitution declares, that 'no person shall be twice put in jeopardy for the same offense;' and though that provision may not relate to the remedies secured by civil proceedings, still it serves to illustrate a fundamental principle inculcated by every well-regulated system of government, viz., that each violation of the law should be certainly followed by one appropriate punishment and no more." *Id.* at 325–26.

In *Koerner v. Oberly* (1877) 56 Ind. 284, the court went further and held that the section of a statute allowing exemplary damages for an act subject to criminal penalties violated "the fundamental principle embodied in the Bill of Rights, that no person shall be put in jeopardy twice for the same offense . . . ." *Id.* at 287.

In 1893, however, the court held that a statute providing punitive damages for a particular criminal act was constitutional. *State ex rel. Beedle v. Schoonover* (1893) 135 Ind. 526, 35 N.E. 119. Further, the court indorsed the reasoning of Judge Elliott's dissent in *State ex rel. Scobey v. Stevens* (1885) 103 Ind. 55, 2 N.E. 214 wherein he stated: "[T]he Legislature may provide for the recovery of punitory damages in cases where an injury is caused by an illegal act, although the same illegal act may subject the defendant to a criminal prosecution." *Id.* at 68, 2 N.E. at 222.

*Beedle* is the most recent Indiana Supreme Court analysis of the issue. *See Glissman v. Rutt* (3d Dist. 1978) Ind.App., 372 N.E.2d 1188. According to *Beedle* there is no constitutional bar to statutes such as I.C. 34–4–30–1. Therefore, the trial court was in error in refusing to award treble damages pursuant to the statute.

The judgment of the trial court is reversed. The cause is remanded for entry of judgment consistent with this opinion.

MILLER (participating by designation) and SHIELDS, JJ., concur.