**P.M.F. SERVICES, INC., Plaintiff,**

v.

**Daniel J. GRADY, et al., Defendants.**

**No. 87 C 9113.**

United States District Court,
N.D. Illinois, E.D.

Jan. 12, 1989.

See also 698 F.Supp. 141.

Michael Collins, Harold Collins, Harold E. Collins & Assoc., Ltd., Chicago, Ill., for plaintiff.

Thomas Swabowski, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

P.M.F. Services, Inc. ("P.M.F.") initially filed an Amended Complaint (the "Complaint") against its former employee Daniel Grady ("Daniel"), his wife Lynn Grady ("Lynn"), Mount Greenwood Bank ("Mt. Greenwood") and The Northern Trust Company ("Northern"). At this point P.M.F. has only one remaining claim—its Complaint Count II claim against Daniel—and it now seeks summary judgment on that claim. For the reasons stated in this memorandum opinion and order, P.M.F.'s motion is granted.

### Facts

Daniel admits liability—as he must, given his guilty plea to criminal charges based on the same set of facts that ground P.M.F.'s Complaint. Though the criminal charges asserted a scheme to defraud Mt. Greenwood and obtain money in its custody by false and fraudulent pretenses, Daniel's acknowledged conduct in conceiving and implementing that scheme clearly involved the wrongful theft and conversion of $55,000 of P.M.F.'s funds—checks payable to its order. Daniel specifically admitted that in the course of his guilty plea before this Court's colleague, Honorable Marvin Aspen (a transcript of that proceeding [cited "Tr. —" in this opinion] was tendered by P.M.F. together with its current motion).

### P.M.F.'s Damages

With liability thus established, the only area of controversy is the amount to which P.M.F. is entitled. P.M.F. seeks treble damages of $165,000 plus reasonable attorneys' fees, as well as the costs of this action. Daniel counters that only single damages are recoverable. P.M.F. is right.

For one thing, Daniel's Response to Motion for Summary Judgment ("Response") ¶ 2 says:

2. However, the request for triple damages is inappropriate. The alleged basis for the request was never set forth in a prior pleading or made an issue herein.

But Complaint Count II—which was labeled a "Fraud" claim but was upheld by this Court's June 2, 1988 memorandum opinion and order (the "Opinion" 687 F.Supp. 398) as a conversion claim (Opinion at 402–03) [1]—sought at least $70,000 in compensatory damages and $500,000 in punitive damages. Even apart from the fact that pleadings state claims in factual terms and not in terms of their legal theory (*Indiana Harbor Belt Railroad Co. v. American Cyanamid Co.*, 860 F.2d 1441, 1445 (7th Cir.1988) and cases cited there), Daniel cannot complain about P.M.F.'s now asserting a lesser claim for compensatory damages ($55,000) plus the equivalent of a punitive damage claim.[2]

■ Daniel's other quarrel is with the application of the Indiana statutes on which P.M.F. relies for its treble damages claim. For that purpose there is no question that Illinois choice-of-law rules (made applicable by *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941)) speak in terms of the state having the "most significant relationship" in tort actions such as P.M.F.'s conversion claim (*Ingersoll v. Klein*, 46 Ill.2d 42, 45–49, 262 N.E.2d 593, 595–97 (1970)).

Here Daniel worked for Indiana corporation P.M.F. in Indiana (the location of its principal place of business and the situs of virtually all its operations). Most importantly, Indiana is where Daniel stole P.M.F.'s checks (which were sent to P.M.F.'s offices there by its customers).

In an attempt to challenge that in factual terms, Daniel's Response ¶¶ 3 and 4 state:

3. Moreover, there is nothing which establishes that the intent of DANIEL J. GRADY or the knowing or intentional conduct alleged occurred in the State of Indiana. Indeed, the transcript of the criminal proceedings indicate that the conduct occurred in Illinois.

4. The statement of Richard Rueth in Paragraph 5 of his Affidavit is without factual support to indicate how he knows of where the checks were received or when.

But that is simply untrue: During the course of his guilty plea Daniel swore the stolen checks were transported *in interstate commerce* (Tr. 8) and were then deposited by him with Mt. Greenwood, an *Illinois* bank (Tr. 9). Those facts, confirmatory of the Indiana location where Daniel obtained the stolen checks, track with Aff. ¶¶ 5 and 6 of P.M.F.'s President Richard Rueth and *not* with the assertion in Daniel's Response. Daniel's effort to raise a factual issue as to the Indiana situs of his nefarious activity really cannot be made in good faith.

■ That is really the end of the matter, for Code § 35–43–4–2, which defines the state law felony of "theft," covers Daniel's self-admitted conduct precisely:

A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony.

That conduct, of course, also embraces the lesser offense of criminal conversion (a misdemeanor under Code § 35–43–4–3). In all events, as confirmed by such cases as *Hyman v. Davies*, 453 N.E.2d 336, 339 (Ind.App.1983), that triggers the application of Code § 34–4–30–1:

1. When this Court wrote the Opinion the parties had not focused on choice-of-law considerations. That is the equivalent of a stipulation for the application of Illinois substantive law (*National Association of Sporting Goods Wholesalers, Inc. v. F.T.L. Marketing Corp.*, 779 F.2d 1281, 1284–85 (7th Cir.1985)), so Opinion at 402–03 cited only Illinois cases on the subject of conversion. But the principles of what conduct constitutes conversion are universal, and Indiana law is the same (see, e.g., Ind.Code Ann. ["Code"] §§ 35–43–4–2 and 35–43–4–3 (West 1986)).

2. Not only is it generally true that treble damages are a specialized version of punitive damages, but our Court of Appeals has specifically labeled the statute at issue here (Code § 34–4–30–1) in those terms (*Tippecanoe Beverages, Inc. v. S.A. El Aguila Brewing Co.*, 833 F.2d 633, 637–38 (7th Cir.1987)).

Sec. 1. If a person suffers a pecuniary loss as a result of a violation of IC 35–43, he may bring a civil action against the person who caused the loss for:

(1) an amount not to exceed three (3) times his actual damages;

(2) the costs of the action; and

(3) a reasonable attorney's fee.

P.M.F. Mem. 3 then urges that Indiana case law gives this Court no choice but to award the treble damages sought by P.M.F., citing for that proposition *McMahon Food Co. v. Call*, 406 N.E.2d 1206, 1208 (Ind.App.1980). Daniel's response does not dispute that at all. But though P.M.F. has accurately stated the holding of *McMahon Food*, both its citation to that case and Daniel's failure to respond reflect incomplete scholarship. When *McMahon Food* was decided, Code § 34–4–30–1 read that the victim of theft or conversion could sue for "an amount equal to three [3] times his actual damages." But in 1984 the statute was amended to the form quoted earlier in this opinion ("An amount not to exceed three (3) times his actual damages"). Indeed, what seems most likely is that the amendment represented the legislative reaction to the decision in *McMahon Food*.[3]

Under the version of the statute applicable here, the determination of damages is therefore left to this Court. Having said that, however, this Court sees no reason to deny P.M.F. the treble damage remedy authorized by Code § 34–4–30–1.

### Conclusion

There is no genuine issue of material fact, and P.M.F. is entitled to a judgment as a matter of law. This Court orders that final judgment be entered in favor of P.M.F. and against Daniel in the sum of $165,-000 together with the costs of this action.

P.M.F. is also awarded its reasonable attorneys' fees.[4] To minimize or eliminate entirely the need for an evidentiary hearing on that score:

1. P.M.F.'s counsel are directed to furnish Daniel's counsel, on or before January 26, 1989, a statement of counsel's claimed eligible time and hourly rate, as well as any other factors counsel believes enter into the determination of reasonable fees.

2. This action is set for a status hearing at 9 a.m. February 3, 1989 to discuss any required procedures for the establishment of the fee award.

---

**3.** In 1987 the statute was further amended to permit the award of amounts other than treble damages, costs and a reasonable attorney's fee. By his own admission, Daniel's depredations extended from early 1986 until some time in 1987. However, P.M.F. has not asked for, nor is this Court inclined to grant, other items of consequential damage. There is therefore no occasion to determine the interaction (if any) of the 1987 amendment and the dates on which Daniel stole and converted P.M.F.'s checks.

**4.** Under Seventh Circuit law the as-yet-unliquidated right to attorneys' fees does not deprive the damage award of finality as a judgment (see, e.g., *Hays v. Sony Corp. of America*, 847 F.2d 412, 413–14 (7th Cir.1988), citing to *Exchange National Bank v. Daniels*, 763 F.2d 286, 291–94, modified on other grounds, 768 F.2d 140 (7th Cir.1985)).