**PEABODY COAL COMPANY,**
**Appellant–Plaintiff,**

v.

**Patrick R. RALSTON, as Director of the Indiana Department of Natural Resources, Appellee–Defendant.**

**No. 83A01–9103–CV–76.**

Court of Appeals of Indiana,
First District.

Sept. 25, 1991.

David R. Joest, Peabody Coal Co., Henderson, Ky., for appellant-plaintiff.

Linley E. Pearson, Atty. Gen., Myra P. Spicker, Deputy Atty. Gen., Dept. of Natural Resources, Indianapolis, for appellee-defendant.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Peabody Coal Company (Peabody) appeals a judgment for Patrick R. Ralston, as Director of the Indiana Department of Natural Resources (DNR) in an action for judicial review of an agency determination, which affirmed blasting violations by Peabody. We reverse and remand.

## ISSUE [1]

We restate the issue on appeal as:

Did the trial court err in affirming DNR's decision finding two violations by Peabody of DNR's surface mining regulations, where DNR's order found that in administrative review of a DNR decision the burden of persuasion shifts from DNR to the party alleged to have violated the regulation, after DNR presents a *prima facie* case showing a violation?

## FACTS [2]

As part of its surface coal mining operation, Peabody uses explosives to blast the

---

1. DNR presents additional issues in its brief; however, these contentions miss the point. Our only issue concerns whether DNR applied the correct standard regarding burden shifting in approving a finding of violation. Substantial evidence is irrelevant, since DNR failed to adhere to this fundamental precept in reviewing Peabody's alleged violations.

2. Because we reverse and remand for a determination by DNR based on the correct standard regarding burden shifting in an agency determination, we do not state in great detail the facts relevant to the underlying alleged violations. Such matters are reserved for the agency and its discretion and expertise when it applies the correct burden shifting standard on remand. *See*

overburden materials to excavate and uncover coal. A DNR regulation limits airblast from surface coal mining blasting. DNR measures airblast from various operations to monitor adherence to its regulations. DNR alleges that several of Peabody's blasts in 1988 exceeded the airblast limits mandated by DNR. Peabody disputes DNR's scientific findings, contending that DNR's equipment was ill-suited to the airblast tests and the findings indicating violations were thus flawed.

In 1988, Peabody requested review with DNR's director (Director) because it maintained that it had not committed the alleged violations. A hearing was held before a DNR administrative law judge (ALJ) in May of 1989, and following the hearing the ALJ submitted proposed findings and recommended to the Director that Peabody's notices of violations (NORs) be affirmed. Peabody objected, and a remand hearing was held in May of 1990 to allow Peabody to submit additional expert testimony. Following the remand hearing, the ALJ again recommended that the NORs be affirmed. The Director adopted the ALJ's proposed findings as his final order and affirmed the NORs in June of 1990.

In July of 1990, Peabody filed a petition for judicial review of the agency's decision with the trial court. The trial court in February of 1991 entered its findings of fact and conclusions of law, affirming the agency's determination.

Other relevant facts will be stated in our discussion.

## DISCUSSION AND DECISION

Peabody argues that the trial court in affirming DNR's decision, finding violations by Peabody in its mining operations, applied an improper standard regarding the

shifting burdens involved in an agency determination.[3] We agree.

██ Judicial review of an administrative decision is limited to whether the agency possessed jurisdiction over the subject matter, and whether the agency's decision was made pursuant to proper procedures, was based upon substantial evidence, was not arbitrary or capricious, and was not in violation of any constitutional, statutory, or legal principle. *State Board of Tax Commissioners v. Jewell Grain Co.* (1990), Ind., 556 N.E.2d 920, 921. When reviewing an administrative decision, the burden of proof is on the party seeking to overturn the decision. *Oriental Health Spa v. City of Fort Wayne* (1988), Ind.App., 526 N.E.2d 1019, 1022. This burden requires the party arguing for reversal to disclose and argue those errors that would mandate reversal. *Id.*

██ Even under our deferential standard of review, we find that Peabody has shown that the DNR's decision, and the trial court's order affirming it, were contrary to legal principle, since the DNR and trial court improperly allocated the burden of persuasion as a shifting burden between DNR and Peabody, rather than as a burden that remained on DNR for the duration of the hearing, with the burden of production shifting to Peabody after DNR presented a *prima facie* case showing violations.

As Peabody points out in its reply brief, the allocation of the burdens of proof in administrative proceedings under IND. CODE § 4–21.5–3–14(c) has not yet been delineated by our courts. Moreover, the section in the prior Administrative Adjudication Act (AAA), I.C. § 4–22–1–1 et seq., does not contain an analogous provision from which controlling precedent can be gleaned. Thus, we need to define the pa-

---

*City of Greenwood v. Dowler* (1986), Ind.App., 492 N.E.2d 1081, 1085.

3. The ALJ's disputed findings are numbers 37 and 38 in the ALJ's findings of fact and recommended order dated September 6, 1989, identical to findings numbers 45 and 46 in the ALJ's findings of fact and recommended order on remand dated June 5, 1990. These findings read:

37. The Department presented a strong prima facie case as to the procedures followed and their effect upon the reliability of the airblast readings in question.
38. Peabody Coal Company's evidence was not strong enough to rebut this prima facie case so as to render the airblast readings unreliable as required by *Ponds* [sic].
Record at 156.

rameters of the burden of production and burden of persuasion involved in administrative proceedings to which I.C. § 4–21.5–3–14(c) applies.

■■■ We first turn to basic tenets of burdens of proof in discerning the appropriate burden standards. In a criminal proceeding, the State carries the ultimate burden of proof, or burden of persuasion. *Denton v. State* (1979), 182 Ind.App. 464, 471, 395 N.E.2d 812, 813, *affirmed on rehearing*, 398 N.E.2d 1288, 1289. The burden of going forward with the evidence, or burden of production, however, shifts to the defendant to revive a reasonable doubt in the jurors' minds after the State has presented a *prima facie* case showing the defendant's guilt. *Id.* Like defendants in a criminal proceeding, those charged with violations of DNR's regulations are often facing punitive sanctions such as fines. Similar to the rationale for affixing the ultimate burden of proof on the state in criminal matters, it would be a fundamentally unfair procedure to shift the burden of persuasion to one charged with a violation to prove his innocence. The burden of production may shift to the alleged violator when the agency pursuing sanctions for the violation has demonstrated a *prima facie* case of violation, but the ultimate burden of persuasion may never so shift.

The plain wording of I.C. § 4–21.5–3–14(c) supports this interpretation. This section provides in full:

"(c) At each stage of the proceeding, *the agency or other person requesting that an agency take action or asserting an affirmative defense specified by law has the burden of persuasion and the burden of going forward with the proof* of the request or affirmative defense. Before the hearing on which the party intends to assert it, a party shall, to the extent possible, disclose any affirmative defense specified by law on which the party intends to rely. If a prehearing conference is held in the proceeding, a party notified of the conference shall disclose the party's affirmative defense in the conference." (emphasis added)

Peabody asserts, and we agree, that this provision's plain meaning shows that as a party to the administrative proceeding, the agency has the ultimate burden of proof. From our perusal of the record, Peabody cannot be said to have asserted an affirmative defense, and thus, be required to carry the burden on this basis. If the agency were not the party in essence prosecuting Peabody for a regulatory violation, the ultimate burden would be on the party petitioning the agency for relief. In either case, Peabody, defending its mining procedures and operations, would not labor under this heavy burden. This holding does not, however, relieve Peabody of its burden of production in rebutting DNR's *prima facie* showing of a violation in the course of the proceeding; that is, Peabody must still carry its burden of production. We hold only that to place the ultimate burden of proof on those respondents defending charges of regulatory violations would be contrary to statutory mandate and principles of fair procedure.

■■ Additionally, we note as Peabody points out that I.C. § 14–3–3–22 and I.C. § 13–4.1–12–2(a)(1) also support and indeed require this result. I.C. § 14–3–3–22 provides in relevant part:

"(a) The natural resources commission may issue a notice of violation to a person who violates a law administered by the department for which a misdemeanor or infraction penalty is established. If that person, having received the notice, fails to abate the violation within a period of not less than fifteen (15) days specified in the notice, the commission may impose a charge that does not exceed the maximum amount that may be assessed by a court for committing the violation. (b) Proceedings by the commission under this section are governed by IC 4–21.5. The department has the burden of proving the alleged violation by a preponderance of the evidence."

I.C. § 13–4.1–12–2(a)(1) provides:

"(a) Any person who:
(1) knowingly violates a condition of a permit issued under this article, a provision of this article, or any order issued

under this article; ... commits a Class A misdemeanor."

The NORs allege violations of a condition in Peabody's permit, as well as, violations of the DNR's regulations. Thus, the above noted provisions apply to the administrative proceedings in this case, and the DNR has the ultimate "burden of proving the alleged violation[s] by a preponderance of the evidence." I.C. § 14–3–3–22(b). Our statutory interpretation of the burden of persuasion in violation proceedings therefore comports with the statute and its operation viewed as a whole. We apply the meaning which is compatible with the letter and intent of the entire statute. *Northwestern School Corp. v. Indiana Educational Employment Relations Board* (1988), Ind.App., 529 N.E.2d 847, 849–850, *trans. denied.*

■ Because we find that the DNR neglected to apply the proper burden shifting standard in its determination, the dispute must be remanded to the trial court with instructions to remand to the DNR for proceedings in conformity with proper procedures, and we need not address the parties' contentions regarding the reliability of test results, or their other factual disputes. We do note, however, that DNR's reliance on the Surface Mining Control and Reclamation Act and the other federal provisions, interpretations, regulations, and decisions to which DNR cites are inapplicable in view of statutes governing administrative proceedings in Indiana.

The DNR's determination and the trial court's order affirming it do not articulate the standard required in shifting burdens of proof in an administrative proceeding by the DNR. In affirming the DNR's determination, the trial court failed to deal with the threshold procedural issue of shifting burdens. If the proper standard of shifting burdens had been applied, the hearing's outcome may have been different: If the ALJ thought that the burden of persuasion shifted to Peabody after DNR presented a *prima facie* case, the correct standard, in which the burden of persuasion remains on DNR at all times and only the burden of production shifts to Peabody, may have

resulted in a different decision. We reverse and remand to the trial court to remand to the DNR for a new hearing using the proper burden shifting standards.

Reversed and remanded.

Cost are assessed against the appellee.

ROBERTSON and CHEZEM, JJ., concur.